■ KATHLEEN ENGRASSIA, Also Known as KATHLEEN DI LULLO, Respondent, v FRANK DI LULLO, Appellant. — Appeals by defendant from (1) an order of the Supreme Court, Nassau County (Oppido, J.), dated December 18, 1981, which denied his motion to set aside an oral decision (made after a hearing on plaintiff's motion to suspend defendant's visitation rights for his failure to pay child support) making his right of visitation with two of his children in plaintiff's custody conditional upon his payment of child support of $100 per week, and (2) a further order of the same court, dated January 15, 1982, which denied his motion to suspend child support, on the ground that he had been denied visitation with two of his children. (The order dated Dec. 18, 1981 is deemed to be the order entered on the oral decision.) Order dated December 18, 1981 reversed, on the law and the facts, without costs or disbursements, and plaintiff's motion is denied. Order dated January 15, 1982 affirmed, without costs or disbursements. The parties were divorced pursuant to a judgment entered June 6, 1978, and plaintiff was awarded custody of two of the three infant issue of the marriage. Defendant was required to pay plaintiff $66 per week per child, but soon found himself in substantial arrears. At the hearing, plaintiff testified that defendant paid no child support from November 30, 1979 until March, 1981, and from March, 1981 until October, 1981 paid plaintiff only $20 per week. Plaintiff asked the court to suspend defendant's visitation rights on the ground that he had failed to make support payments. Special Term granted plaintiff's motion to the extent that defendant's right to visit with his children was made contingent upon his payment of $100 per week child support for both children. Thereafter, defendant moved, pursuant to section 241 of the Domestic Relations Law, to terminate his obligation to pay child support on the ground that visitation was withheld. In the order appealed from dated January 15, 1982, said motion was denied. There is no evidence in the record that visitation would be harmful to the children and their well-being, nor is there evidence that permitting visitation would cause plaintiff financial hardship. In addition, there is no showing of other facts which would justify making visitation contingent upon payment of support. After the

hearing the court found that for "the best interest and welfare of the child [sic] * * * the mother must be afforded some measure of financial support in order to meet the very needs of this child [sic]." The court concluded "that in order to continue the visitation that the father should pay to the mother the sum of $100 a week for a continuation of the visitation of both children." The court further noted: "I have a great reluctance to make any condition on visitation but I feel that in light of the history of non-payment here that it is not a penalty and it is not a condition. I think it is not even an obligation. I think it is a moral obligation on the father to care for his offspring who have indicated to the Court in chambers a great and abiding love for him." Visitation may not be denied solely for reasons unrelated to the best interest and welfare of the child. The failure of the noncustodial parent to make payment, without more, is an insufficient basis upon which to deny visitation (see *Farhi v Farhi,* 64 AD2d 840). Denial of visitation rights of a noncustodial parent is proper when substantial evidence exists that visitation is detrimental to a child's welfare (*Hotze v Hotze,* 57 AD2d 85, mot for lv to app den 42 NY2d 805). The aforementioned findings of the trial court clearly point up that the defendant's continued visitation is in the best interests of the infant children, and based upon this criteria, such visitation cannot be conditioned upon the payment of support. The papers on this appeal disclose that the plaintiff is in fact pursuing other remedies to enforce the child support provisions included in the various court orders. Although we understand plaintiff's frustration with defendant's persistent refusal to fulfill his financial obligations to the children, denying defendant visitation will not remedy the situation and would not be in the best interests of the children. The order dated December 18, 1981, therefore, must be reversed, and plaintiff's motion denied. When a custodial parent receiving alimony or maintenance payments pursuant to a court order or judgment wrongfully interferes with or withholds visitation rights provided by such court order or judgment, the court may suspend such payments or cancel any arrears that may have accrued during the time that visitation rights have been or are being interfered with or withheld (Domestic Relations Law, § 241). Since plaintiff has apparently withheld visitation in reliance on Special Term's oral decision and the order dated December 18, 1981, defendant's motion to terminate his support obligations was properly denied (see *Passonno v Passonno,* 73 AD2d 718). Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.