■ CAROL E. RESIGNATO, Respondent, v PAUL J. RESIGNATO, Appellant. [624 NYS2d 440] —In an action pursuant to the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) to modify a Texas judgment of divorce, the father appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), dated September 16, 1992, as, upon modifying the Texas judgment with regard to the father's visitation rights, expressly conditioned the visitation upon the father's continued payment of child support.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision thereof conditioning the father's visitation upon his payment of child support is deleted.

The parties were divorced in El Paso, Texas, and the mother was awarded sole custody of the minor child. With the permission of a Texas court, the mother moved to New York shortly after the divorce became final. The divorce judgment contained extensive provisions for visitation, which included the requirement that the father travel to New York to pick his son up for both short-term and long-term visitation periods. Additionally, the judgment provided that the Texas courts relinquished jurisdiction over the visitation upon the relocation of the mother and child to New York.

There was much arguing between the parties regarding visitation and telephone contact, and eventually the father abducted his child on two separate occasions. The child was returned to the mother with the help of the police and the FBI, and the father was convicted of custodial interference in the second degree, and sentenced to a period of probation. Nevertheless, the record indicates that the child and the father maintain a loving, although long-distance, relationship.

Upon motions by the mother, the Texas court entered two separate orders of contempt against the father for failing to pay, among other things, child support arrears. Based upon the Texas court orders, the Supreme Court, Westchester County, entered a money judgment against the father for the arrears. Finally, the mother moved to modify the visitation schedule, in an effort to prevent the father from having any contact with the child. The Supreme Court ordered limited, supervised visitation, and expressly conditioned the visitation upon the father's payment of child support owing from the time of entry of the order.

Generally, visitation may not be denied solely for reasons unrelated to the best interest and welfare of the child. The failure of the noncustodial parent to make payment of support, without more, is an insufficient basis upon which to deny visitation *(Engrassia v Di Lullo,* 89 AD2d 957; *see also, Farhi v Farhi,* 64 AD2d 840, 842). Denial of visitation rights is a drastic remedy, and should only be done where there are compelling reasons and substantial evidence that such visitation is detrimental to the child's welfare *(Chirumbolo v Chirumbolo,* 75 AD2d 992).

In the present case, the Supreme Court ordered that the visitation between the father and child must be supervised, and that it must occur within 10 miles of the child's home. Thus, while the court insured that the father retained some visitation rights, in view of the abductions, the court also adequately protected the child's welfare. Moreover, it is clear from the record that the mother is successfully pursuing other remedies to enforce the child support provisions of the divorce judgment. Therefore, it is unnecessary to include provisions for payment in the present order *(see, Engrassia v Di Lullo, supra,* at 958). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.