■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL RODRIGUEZ, Appellant. [642 NYS2d 106] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court should have granted his motion to suppress on the ground that the search warrant application was insufficient to establish probable cause. We disagree. The application included the sworn deposition of a named informant stating that there were drug-related activities at defendant's residence and detailing the informant's controlled buy of cocaine from defendant at that residence. Additionally, the application contained an affidavit of a police officer detailing his involvement in the controlled buy. Those statements provided probable cause for issuance of the warrant (*see, People v Deliz,* 172 AD2d 877, 878, *lv denied* 78 NY2d 921; *People v Sellins,* 168 AD2d 950; *People v Kirby,* 168 AD2d 981). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.

■ In the Matter of KATHLEEN STEWART, Respondent, v SAMUEL SODA, Appellant. [642 NYS2d 105] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in terminating visitation between respondent and his children because respondent failed to pay child support. Visitation cannot be terminated solely for reasons unrelated to the welfare of the child (*Vasile v Vasile,* 116 AD2d 1021). The failure to pay support, "without more, is an insufficient basis upon which to deny visitation" (*Resignato v Resignato,* 213 AD2d 616, 617, citing *Engrassia v Di Lullo,* 89 AD2d 957). (Appeal from Order of Niagara County Family Court, Halpin, J.—Visitation.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.