■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLISTAR D. TRONCHIN, Appellant. [650 NYS2d 827] —White, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 5, 1992, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In the early evening of February 17, 1992, a confidential informant purchased cocaine packaged in small glassine envelopes from Stanley Maslinski using $30 in marked money. Thereafter, the police executed a search warrant at Maslinski's residence and secured his cooperation in their ongoing drug investigation. He was taken to an apartment located at 950$^{1}$/$_2$ Oak Street in the City of Elmira, Chemung County, for the purpose of purchasing cocaine from defendant, whom he had indicated was his supplier. Although defendant was present, he refused to sell any cocaine to Maslinski.

The police then obtained a search warrant for the subject apartment that was apparently rented by Virginia Molina. When the police arrived to execute the warrant, defendant was exiting a taxi. He was kept outside while the police conducted the search. In a bedroom, they discovered a suitcase containing, *inter alia*, documents belonging to defendant and his wife along with a small zipper bag. When the police looked inside the zipper bag, they discovered 207 small glassine envelopes containing cocaine and $1,736 in cash that included the $30 marked buy money paid to Maslinski. Defendant was arrested and after trial convicted, under the theory of constructive possession, of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. He now appeals.

Prior to trial, defendant moved to suppress the evidence that

was seized at the Oak Street apartment. County Court denied the motion without a hearing. We find no fault with this disposition for defendant failed to establish standing to challenge the validity of the search warrant as he did not demonstrate an expectation of privacy within the apartment at the time of the search (*see, People v Ortiz*, 83 NY2d 840, 842; *People v Howard*, 213 AD2d 903, 904, *lvs denied* 85 NY2d 974, 86 NY2d 796). Moreover, defendant's challenge to the warrant under the *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108) lacks substance because the information which served as the basis for the warrant came from two named informants' sworn statements, each of which detailed first-hand observations of defendant's criminal activity at the Oak Street apartment (*see, People v Rodriguez*, 226 AD2d 1102, *lv denied* 88 NY2d 941; *People v McCulloch*, 226 AD2d 848, 849; *People v Doyle*, 222 AD2d 875, *lv denied* 88 NY2d 878).

At the commencement of the trial, County Court indicated that it would admit evidence regarding the $30 in marked money recovered from the zipper bag but would give the jury limiting instructions that it was only to consider such evidence on the issue of defendant's intent to sell controlled substances. At the conclusion of the testimony, County Court decided to forego the limiting instruction as it found this proof to also be probative of the element of possession of a controlled substance. Defendant maintains that he was substantially prejudiced by this change of course since it deprived him of the opportunity to cross-examine Maslinski on his delivery of the marked money to defendant. We are not persuaded by this argument since defendant knew this evidence was going to be admitted in support of one of the essential elements of the crime of criminal possession of a controlled substance in the third degree. Further, once County Court reversed itself, defendant did not seek to reopen the case or request to reexamine Maslinski, who was subject to recall.

Defendant's related argument that County Court erred in admitting the $1,736 is meritless since his possession of a large sum of money is relevant on the issue of his intent to sell controlled substances and supports an inference that he was a dealer (*see, People v Gadsden*, 192 AD2d 1103, *lv denied* 82 NY2d 718; *People v Orta*, 184 AD2d 1052, 1054-1055). Contrary to defendant's assertion, a sufficient nexus was established between him and the money by the testimony of three witnesses linking him to the zipper bag in which the money was found. In addition, any prejudicial effect of this evidence was allevi-

ated by appropriate limiting instructions provided to the jury by County Court.

Lastly, as the record contains direct evidence that defendant sold cocaine and that the zipper bag containing the cocaine and money was seen in his possession, County Court did not err in refusing to give the circumstantial evidence charge (*see, People v Daddona*, 81 NY2d 990, 992; *People v Struss*, 228 AD2d 711, 714).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.