■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LADSON, Appellant. [654 NYS2d 115] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered April 20, 1994, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of $1^1/_2$ to 3 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress physical evidence. Defendant lacked standing to challenge the search of the apartment in question, because there is no dispute that defendant did not reside in this apartment and only visited there on occasion. There is no procedural bar to our consideration of defendant's lack of standing as a ground for affirmance. Initially, we note that the hearing court never actually decided the standing issue in defendant's favor. Assuming, arguendo, that the court's ruling may be read as resolving the issue in defendant's favor, the "adverse" ruling that may be considered by this Court on appeal (CPL 470.15 [1]; *People v Smith,* 183 AD2d 653, 657, *lv denied* 80 NY2d 910) is the court's denial of suppression of the handgun, including the component issue of standing, an issue which was properly preserved by the prosecution. In any event, the People met their burden of establishing that the apartment was searched with the voluntary consent (*see, People v Gonzalez,* 39 NY2d 122) of the actual tenant, who enthusiastically agreed to the officers' search with the express purpose of having any firearm removed from the premises. Defendant's argument that the tenant succumbed to "overbearing police conduct" is unsubstantiated. The tenant's consent was acquired under circumstances that attenuated any possible prior illegality with respect to the police officers' initial entry (*People v Borges,* 69 NY2d 1031, 1033). Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FRAZIER, Also Known as TROY WILLIAMS, Appellant. [653 NYS2d 853] —Judgments, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), both rendered on or about November 7, 1994, unanimously affirmed (*see, People v Callahan,* 80 NY2d 273). No opinion. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.