■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN PEREZ, Appellant. [675 NYS2d 71] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at suppression hearing; Alvin Schlesinger, J., on speedy trial motion; Arlene Silverman, J., at nonjury trial and sentence), rendered February 8, 1995, convicting defendant of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of 3 years probation and 100 hours of community service, unanimously affirmed.

Defendant's speedy trial motion was properly denied, although not for the reasons stated by the motion court. Since the People failed to demonstrate that the last 14 days of the adjournment period from November 18 through December 1, 1993 was for a purpose other than to accommodate the assigned prosecutor's vacation schedule, the court erred in failing to charge them with this period (*see, People v Collins*, 82 NY2d 177). However, since the court also erroneously charged the People with the two-day period from September 29 through October 1, 1993, which was attributable to responding to and deciding "motions actually made" (*People v Collins, supra,* at 181; *see,* CPL 30.30 [4] [a]), defendant's speedy trial motion was properly denied since the People should have only been charged with 183 days. For purposes of this appeal, this Court is not bound by the motion court's findings of includability (*see, People v Ladson*, 236 AD2d 217, *lv denied* 89 NY2d 1012).

The search, conducted immediately upon defendant's arrest but before he was handcuffed, of two magnetic key cases recovered from defendant's pockets, was incident to such lawful arrest since the property had not yet been reduced to the exclusive control of the police (*People v Manigault*, 247 AD2d 255; *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.