■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL MINCEY, Also Known as DARRYL MINCEY, Appellant. [679 NYS2d 581] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered September 11, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's findings concerning credibility and reliability of identification testimony.

The court properly closed the courtroom during the trial testimony of the undercover police officer, since the *Hinton* hearing testimony "established the necessary spatial and temporal relationship among the courthouse, the location of defendant's arrest, and the anticipated geographic location of the undercover officer's future investigative work" (*People v Brown*, 214 AD2d 438, 439, *lv denied* 86 NY2d 791). We note that the court offered to accommodate defendant's family members in the event any of them were to attend.

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VARGAS, Appellant. [680 NYS2d 223] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered September 19, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The motion court correctly concluded that the search of the flip top cigarette box was proper as incident to the lawful arrest since the property had not yet been reduced to the exclusive control of the police (*see, People v Manigault*, 247 AD2d 255, *lv denied* 92 NY2d 855; *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946). Moreover, defendant had not yet been handcuffed when the cigarette box was searched in close proximity to the arrest (*People v Perez*, 252 AD2d 353). Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.