■ The People of the State of New York, Respondent, v Kashiek D. Green, Appellant. [705 NYS2d 93] —Cardona, P. J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 2, 1998, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On October 30, 1997, State Troopers Harrison Winn and

---

Robert Missenis, accompanied by Investigator Jorge Plata, were working an undercover buy/bust operation together with other law enforcement personnel in the City of Troy, Rensselaer County. At approximately 9:17 P.M., while riding in an unmarked vehicle, they observed defendant on a street corner. Winn made eye contact with him and gestured to indicate that he wanted something. Defendant made a similar acknowledgment. Winn, seated in the front passenger seat, rolled down his window and asked defendant if he had any "twenties".* Defendant told them to meet him at a house across the street. Defendant then entered the residence and came back out. Winn met with him outside the house and negotiated a price of $40 for three packets of crack cocaine. He made the exchange using money supplied by the Troy Police Department. Winn returned to the car and gave Missenis a description of the man who sold him the cocaine. Missenis relayed the description to the backup units and told them it was a "go". Winn, Missenis and Plata withdrew from the immediate area but maintained visual contact of the arrest carried out by the backup units. As soon as defendant was in custody, the three officers made a drive-by identification to confirm that he was the perpetrator. Five weeks later, in a police-arranged identification procedure, Winn picked defendant's picture out of a photo array.

Defendant was indicted for criminal sale of a controlled substance in the third degree. Following a hearing pursuant to *People v Rodriguez* (79 NY2d 445), County Court found that the People failed, without good cause, to serve defendant with the required CPL 710.30 notice in connection with the photo line up. As a consequence, the court suppressed any testimony from Winn identifying defendant but permitted him to offer resemblance testimony, i.e., the description of the individual who sold him the cocaine which was radioed to the backup unit. After a jury trial, defendant was convicted of the crime charged and sentenced, as a second felony offender, to an indeterminate prison term of 12½ to 25 years. Defendant appeals contending that he was deprived of a fair trial due to the cumulative effect of several alleged trial errors.

Initially, defendant argues that County Court erred by exceeding the scope of its *Rodriguez* ruling when it permitted Winn to testify to a slightly more detailed description of defendant. After review of the trial minutes, the court and defense counsel agreed that the only discrepancies between the descriptions were the exact complexion of defendant's skin and the

---

* A "twenty" is a small baggie containing approximately 0.2 grams of crack cocaine which is sold on the street for $20.

fact that he wore sneakers. In our view, these minor discrepancies did not violate the court's *Rodriguez* ruling.

Next, we address defendant's contention that Gerald Girard, a detective with the Rensselaer County District Attorney's office, should not have been allowed to make an in-court identification of defendant because the People failed to serve a CPL 710.30 notice. The defense argues that Girard's viewing of a booking photograph of defendant in preparation for his testimony constituted a police-sponsored prior identification for which should have been noticed. We disagree. "[T]he primary purpose of the notice requirement is to implement the constitutional guarantees by alerting the defendant to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" (*People v Collins*, 60 NY2d 214, 219). Here, the record shows that Girard was the officer who took the booking photograph. His in-court identification of defendant as the person he photographed during the arrest procedure was clearly offered to lay a foundation for the introduction of the photograph. His testimony was not sought "because [he] had witnessed the criminal events" (*id.*). In our view, the notice requirement of CPL 710.30 is not operative in this context.

We also reject defendant's argument that Girard's testimony violated CPL 60.25. That statute governs the admissibility of a witness's previous identification by means of third-party testimony where the witness is unable to make an in-court identification. Here, Girard's in-court identification was based upon his present recollection. Thus, CPL 60.25 is inapplicable.

Furthermore, defendant argues that it was error for County Court to admit into evidence $402 seized from his left front pocket at the time of his arrest. The People conceded that this sum did not include any of the alleged buy money. We agree with the People that this sum of cash in denominations of two $1 bills, two $5 bills, eight $10 bills, thirteen $20 bills and one $50 bill was relevant "on the issue of [defendant's] intent to sell controlled substances and supports an inference that he was a dealer" (*People v Tronchin*, 233 AD2d 767, 768, *lv denied* 90 NY2d 1015). We note that the buy money, consisting of two $20 bills, was recovered from defendant's right front pocket.

Defendant also contends that County Court's *Sandoval* compromise "chilled his right to testify". The record reflects that defendant was convicted in July 1997 of criminal possession of a controlled substance in the fifth degree, a class D felony, and sentenced to five years' probation with the condition that he serve the first six months in jail. He subsequently violated his

probation and was resentenced to a prison term of 2 to 6 years which he was serving at the time of trial. County Court permitted defendant to be cross-examined to a limited extent to show a conviction for an unspecified felony, the sentence received, his probation violation and the sentence received for that violation, all without reference to the nature of the crimes. Under the circumstances, inasmuch as defendant's prior conviction and probation violation bore directly on his credibility and revealed his willingness to place his personal interest over that of society (*see*, *People v Quesnel*, 238 AD2d 725, *lv denied* 90 NY2d 896), we find County Court's *Sandoval* compromise to be a valid exercise of discretion.

Defendant argues that other errors were committed requiring reversal; however, they were not preserved for appellate review through the interposition of timely objections (*see*, CPL 470.05; *People v Mahan*, 195 AD2d 881) nor do we find any basis for reversal in the interest of justice. In summary, we find no merit to defendant's contention that cumulative trial errors deprived him of a fair trial.

Finally, we are unpersuaded that defendant's sentence was harsh and excessive. Although he received the maximum sentence, given the nature of his crime, his past criminal conduct which involved criminal possession of controlled substances and the subsequent violation of his probation, we do not find the sentence harsh or excessive. Nor do we find extraordinary circumstances warranting a reduction in the interest of justice (*see*, CPL 470.15 [6] [b]).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.