■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS M. CLEVELAND, Appellant. [788 NYS2d 262]—

Mugglin, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 7, 2003, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On May 8 and 9, 2002, a confidential informant, working under the direction of officers of the Glens Falls Police Department, made purchases of crack cocaine from defendant at 25-D Henry Hudson Town Houses in the City of Glens Falls, Warren County. While making these purchases, the confidential informant wore a transmitting device which allowed the monitoring police officers to record his conversations with defendant. Charged by way of indictment with two counts of criminal sale of a controlled substance in the third degree, defendant sought suppression of all evidence against him contending that since the confidential informant was an agent of the police and all transactions occurred within defendant's home, defendant's 4th Amendment rights were violated in the absence of appropriate search and eavesdropping warrants. County Court, based only on the papers before it, denied the suppression motion, concluding that defendant failed to establish the requisite standing to

challenge the search and seizure and that, in any event, the investigatory tactics of the police did not violate defendant's 4th Amendment rights. Following a jury trial, defendant was convicted of both counts of the indictment and sentenced as a second felony offender to concurrent prison terms of 12½ to 25 years. Defendant now appeals.

We affirm. Defendant must first show that he has standing to challenge the search and seizure. To do so, he must, as a matter of fact, establish a reasonable expectation of privacy in the property searched (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Tejada*, 81 NY2d 861, 862 [1993]). While the affidavit of his attorney—who lacks personal knowledge of the facts—will not suffice (*see People v Rodriguez*, 303 AD2d 783, 784 [2003]; *People v Ladson*, 236 AD2d 217, 217 [1997], *lv denied* 89 NY2d 1012 [1997]; *see also Palo v Principio*, 303 AD2d 478, 479 [2003]), the affidavit of a resident of the premises searched stating that it was also defendant's residence is sufficient to establish that defendant had a reasonable expectation of privacy therein (*see* CPL 710.60 [1]). Consequently, County Court erred in concluding that defendant lacked standing to move to suppress the evidence.

Nevertheless, County Court properly denied the suppression motion without a hearing since no legal basis for suppression was alleged and none exists (*see* CPL 710.60 [3] [a]). Contrary to defendant's contentions, the absence of warrants under these conditions did not result in a violation of defendant's 4th Amendment rights. The confidential informant consented to wear the body wire for the purpose of recording conversations with defendant, thereby rendering an eavesdropping warrant unnecessary (*see People v Dieppa*, 176 AD2d 1076, 1077 [1991], *lv denied* 79 NY2d 855 [1992]). Moreover, defendant's reliance on *Payton v New York* (445 US 573 [1980])—to suppress the physical evidence—is misplaced. That case prohibits, as violative of the 4th Amendment, a nonconsensual entry into a person's home for the purpose of making a warrantless arrest. Here, the confidential informant entered with defendant's consent for the sole purpose of gathering evidence of criminal conduct which defendant, of his own free will and accord, voluntarily provided. Accordingly, we find no error in County Court's denial of defendant's suppression motion.

Peters, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.