■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EARL JONES, Also Known as BAM BAM, Appellant. [849 NYS2d 681]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 6, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).

In May 2005, after weeks of surveillance, defendant and his girlfriend, Sharon Maldonado, were arrested and later indicted on various drug charges after members of the Mid-Hudson Drug Task Force executed a no-knock search warrant at the home of Maldonado's parents in the Village of Monticello, Sullivan County. Upon entering, police discovered large quantities of both crack cocaine (over 12 ounces, with a total street value of over $40,000) and heroin in Maldonado's bedroom and the bathroom. Defendant was apprehended while exiting the bathroom, where police found in the toilet, among other things, bags containing over 100 packets of crack cocaine individually packaged in tin foil, 60 decks (or packets) of heroin packaged in

rice, and uncut rocks of cocaine and heroin. A large amount of cash was found on defendant's person stuffed into his pants.

Prior to trial, defense counsel submitted defendant's omnibus motion seeking suppression of all physical evidence which, he argued, was obtained as a result of defendant's warrantless arrest, without probable cause. The People opposed, arguing that a valid search warrant had been properly issued, providing a legal basis for the police entry, and that defendant's arrest and search incident to his arrest were lawful and based upon probable cause. County Court ordered, among others, *Mapp* and *Dunaway* hearings. Joint suppression hearings were held on defendant's and Maldonado's various suppression motions, after which the court severed the top count of the indictment (for a drug sale on another date) and made certain rulings, but reserved decision and requested counsel to submit memoranda of law on the search and seizure issues. Soon thereafter, new counsel was assigned, apparently due to scheduling conflicts. Defendant's trial began on December 14, 2005 without the court having rendered the required "on the record" determination of his motion to suppress (*see* CPL 710.40 [3]; 710.60 [6]). Maldonado entered a guilty plea at the start of the trial, and the physical evidence sought to be suppressed was introduced at defendant's trial without objection. Defendant was convicted of one count each of criminal possession of a controlled substance in the first degree and third degree and two counts of criminally using drug paraphernalia in the second degree.

After the verdict, defendant moved pursuant to CPL 330.30 to set it aside on numerous grounds, including the ineffective assistance of trial counsel. County Court granted trial counsel's request to withdraw, assigned new counsel for defendant, and ordered a hearing on his motion. Prior to the hearing, the court orally ruled, for the first time, on defendant's undecided motion to suppress, stating, "Defendant has no standing whatsoever to contest the legality of the search of Ms. Maldonado's bedroom and the Maldonado apartment."[1] After the hearing at which defendant's trial counsel testified, County Court denied the CPL 330.30 motion. Defendant was sentenced, following a hearing, as a persistent felony offender to an aggregate prison term of 25 years to life. Defendant now appeals.

Initially, defendant challenges County Court's failure to comply with CPL 710.60 (6) and 710.40 (3) and argues that all of the evidence should have been suppressed due to inadequa-

---

1. County Court never ruled on defendant's challenge to his arrest, and defendant does not pursue that issue on appeal or argue that it constituted ineffective assistance of counsel.

cies in the search warrant. He is, of course, correct that where, as here, a defendant has made a pretrial motion to suppress evidence, "the trial may not be commenced until determination of the motion" (CPL 710.40 [3]) and, "[r]egardless of whether a hearing was conducted, the court, upon determining the motion, *must* set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" (CPL 710.60 [6] [emphasis added]). County Court's failure to do either was clear error.[2]

In any event, defendant's omnibus motion, which was supported only by an affidavit of counsel, did not in fact challenge the issuance or execution of the search warrant; also, no renewal motion was made after the People opposed defendant's motion, relying upon the search warrant documents attached to their papers (*see* CPL 710.40 [4]; *cf. People v Long*, 36 AD3d 132, 135 [2006], *affd* 8 NY3d 1014 [2007]). Indeed, defendant's motion papers did not even claim entitlement to, or allege a legal basis for, suppression based upon the invalidity of the search warrant (*see* CPL 710.60 [3] [a]), or contain the requisite sworn allegations of fact supporting such relief (*see* CPL 710.60 [1], [3] [b]); as such, defendant was not entitled to a hearing on that issue (*see People v Mendoza*, 82 NY2d 415, 420, 425-430 [1993]; *see also People v Gadsden*, 273 AD2d 701, 701-702 [2000], *lv denied* 95 NY2d 934 [2000]; *cf. People v Bryant*, 8 NY3d 530, 533-534 [2007]; *People v Burton*, 6 NY3d 584, 587 [2006]).

In addition, viewed in context and given the information available to defendant (*see People v Mendoza*, 82 NY2d at 426-429), his allegations were deficient; the People did not waive that deficiency at or after the suppression hearing (*see id.* at 430). Moreover, we do not interpret County Court's conduct in these joint, fragmented suppression hearings to be an exercise of discretion to consider defendant's motion as a challenge to the search warrant despite the deficiencies in his pleadings (*see id.* at 429-430). Given the foregoing, the court's failure to render a determination prior to trial was harmless (*see People v Keller*, 194 AD2d 877, 878-879 [1993], *lv denied* 81 NY2d 1074 [1993]).

Were we to reach the merits, we discern no error in County

---

**2.** It has been held that a defendant who proceeds to trial without a suppression ruling and fails to object to the admission of the subject evidence at trial waives any objection to the irregularity (*see People v Murray*, 7 AD3d 828, 830 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]). However, given that defendant raises this issue as part of his ineffective assistance of counsel claim, we address it in that context.

Court's ultimate denial of defendant's motion. It was not demonstrated at the suppression hearing (or even alleged in defendant's papers) that defendant had a legitimate expectation of privacy in the Maldonado home (*see People v Wesley*, 73 NY2d 351, 358-359 [1989]; *see also People v Burton*, 6 NY3d at 587-588; *People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Cleveland*, 14 AD3d 798, 799 [2005], *lv denied* 4 NY3d 829 [2005]). Further, although defendant did not argue the issue, we find that he was not entitled to automatic standing based upon the People's intent (or need) to rely exclusively on the statutory "room presumption" to prove these possessory crimes (*see* Penal Law § 220.25 [2]); notably, the proof at the hearing did not preclude the People's reliance on ordinary constructive possession principles (*see People v Tejada*, 81 NY2d 861, 862 [1993]; *People v Ayers*, 214 AD2d 459, 459 [1995], *lv denied* 86 NY2d 732 [1995]; *see also People v Manini*, 79 NY2d 561, 573 [1992]).[3] Indeed, the testimony at the suppression hearing demonstrated that some of the drugs which defendant was charged with possessing were not in "open view" or in "close proximity" to him so as to enable the People to rely exclusively on the "room presumption" (*see* Penal Law § 220.25 [2]). Thus, we find no error.

Defendant's remaining claims are also unpersuasive. No objection was registered to the People's introduction into evidence of cash in excess of $8,000 found on or near defendant's person at the time of the execution of the search warrant (*see* CPL 470.05 [2]). In any event, evidence of the possession of a large quantity of cash, coupled with other items commonly associated with drug trafficking (plastic baggies, tin foil, a razor, prepackaged small bags of drugs, a digital scale, a cash register and cell phones), was relevant to defendant's intent to sell, an element of criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [1]; *People v Tronchin*, 233 AD2d 767, 768 [1996], *lv denied* 90 NY2d 1015 [1997]; *see also People v Mendoza*, 5 AD3d 810, 813 [2004], *lv denied* 3 NY3d 644 [2004]; *People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). Defendant's claim that he was denied meaningful representation at trial was not demonstrated at the hearing on his CPL 330.30 motion (for which he was assigned substitute counsel), and has not been shown on appeal given our rejection of most of the underlying grounds for this claim (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Counsel successfully obtained severance of the top count of the indictment,

---

**3.** Notably, also at trial the People relied on principles of ordinary constructive possession, and the jury was charged thereon.

effectively cross-examined the key witnesses, and pursued a logical, albeit ultimately unsuccessful, defense that the drugs and paraphernalia did not belong to defendant, who was only coincidentally present when the warrant was executed; trial counsel testified at the hearing regarding his preparation for trial and the strategic reason (to which defendant agreed) for not calling Maldonado to testify. The verdict is attributable to the compelling evidence of defendant's guilt and not to the deficiencies of trial counsel, whose errors were not so "egregious and prejudicial" as to have compromised defendant's right to a fair trial (*People v Caban*, 5 NY3d 143, 152 [2005]).

Finally, defendant's contentions that the proper procedures were not followed (*see* CPL 400.20) in sentencing him as a persistent felony offender are belied by the record, and similar challenges to the constitutionality of that statutory scheme have been repeatedly rejected by the Court of Appeals (*see People v West*, 5 NY3d 740, 741 [2005], *cert denied* 546 US 987 [2005]; *People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.