*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                    106948
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SHAQUAN OLIVER,
                        Appellant.
_____

Calendar Date:  November 18, 2015

Before:  Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Matthew C. Hug, Troy, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered December 18, 2013 in Albany County, upon a verdict
convicting defendant of the crime of criminal possession of a
weapon in the second degree.

        Defendant and two other individuals were charged in a nine-
count indictment with one count of murder in the second degree,
six counts of robbery in the first degree and two counts of
robbery in the second degree.  Those charges stemmed from a fatal
shooting that occurred on Ontario Street in the City of Albany in

September 2012.[1] During the course of an unrelated drug investigation, members of the Albany Police Department developed information implicating defendant in the shooting and thereafter set up surveillance outside of the house where defendant's mother resided.

On September 25, 2012, defendant was observed exiting his mother's residence – "clutching his hooded sweatshirt in where the middle pocket would be" – and entering the passenger side of a green Honda Accord. Following an attempted traffic stop, a brief chase ensued, during the course of which more than one of the pursuing officers observed what they believed to be a black handgun thrown from the passenger side window of the vehicle. As a result of this incident, defendant was indicted and charged with one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree.

In July 2013, County Court (Herrick, J.) conducted a suppression hearing in the context of the murder and robbery charges. Shortly thereafter, the parties appeared before Supreme Court (Breslin, J.) with respect to the weapons charges, at which time Supreme Court noted – with respect to defendant's request for a Mapp hearing – the "identity of circumstances" between the two indictments. Accordingly, Supreme Court indicated that County Court's suppression ruling as to the murder and robbery charges would be controlling relative to the weapons charges pending before Supreme Court. Defense counsel expressly agreed that County Court's decision in this regard would be binding upon Supreme Court and identified no further basis upon which Supreme Court would be required to conduct a separate suppression hearing. Thereafter, in September 2013, County Court issued its suppression ruling finding, insofar as is relevant here, that there was probable cause for defendant's arrest.

At the conclusion of the jury trial that followed, defendant was convicted of criminal possession of a weapon in the

---

[1] The resolution of those charges is the subject of another pending appeal before this Court.

second degree.[2]  Supreme Court thereafter sentenced defendant, as
a second violent felony offender, to 13 years in prison followed
by five years of postrelease supervision.  This appeal by
defendant ensued.

We affirm.  Defendant initially contends that the police
lacked probable cause to effectuate his arrest and, therefore,
the physical evidence seized, i.e., the handgun, should have been
suppressed.  Although the record before us does not expressly
reflect that Supreme Court formally adopted County Court's
written suppression ruling or otherwise set forth its own
findings of fact, conclusions of law and reasons for its
determination on this point (see CPL 710.40 [3]; 710.60 [6]),
defendant waived any objection to this alleged procedural
irregularity by agreeing to be bound by County Court's
suppression ruling, proceeding to trial without a separate
suppression hearing before – or ruling by – Supreme Court and
failing to object to the admission of the now challenged evidence
at trial (see People v Wilson, 90 AD3d 1155, 1155-1156 [2011], lv
denied 18 NY3d 963 [2012]; People v Jones, 47 AD3d 961, 963 n 2
[2008], lvs denied 10 NY3d 808, 812 [2008]; People v Murray, 7
AD3d 828, 830 [2004], lv denied 3 NY3d 679 [2004]; People v
Wright, 5 AD3d 873, 875 [2004], lv denied 3 NY3d 651 [2004]).
Notably, defendant has not raised an ineffective assistance of
counsel claim in this regard (compare People v Jones, 47 AD3d at
963 n 2).  Accordingly, defendant has failed to preserve the
merits of his suppression claim for our review.

Defendant next contends that the verdict convicting him of
criminal possession of a weapon in the second degree is not
supported by legally sufficient evidence and, further, is against
the weight of the evidence.  Although defendant's generalized
motion for a trial order of dismissal failed to preserve his
legal sufficiency claim for our review, "our weight of the
evidence analysis necessarily involves an evaluation of whether
all elements of the charged crime[] were proven beyond a
reasonable doubt at trial" (People v Robinson, 123 AD3d 1224,

---

[2]  The People withdrew the remaining count of the indictment
at the close of their case.

1225 [2014] [internal quotation marks, brackets and citations omitted], lvs denied 25 NY3d 992, 993 [2015]). Insofar as is relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she possesses a loaded firearm outside the presence of his or her home or place of business (see Penal Law § 265.03 [3]; People v Capers, 129 AD3d 1313, 1314 [2015]; People v Miles, 119 AD3d 1077, 1078 [2014], lvs denied 24 NY3d 1003 [2014]). "Constructive possession can be demonstrated where there is evidence — either direct or circumstantial — that defendant exercised dominion and control over the weapon or the area in which it was found" (People v Butler, 126 AD3d 1122, 1123 [2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 1199 [2015]; see People v McGough, 122 AD3d 1164, 1166 [2014], lv denied 24 NY3d 1220 [2015]). Except under circumstances not applicable here, "[t]he presence in an automobile . . . of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found" (Penal Law § 265.15 [3]; accord People v Bianca, 91 AD3d 1127, 1127 [2012], lv denied 19 NY3d 862 [2012]). The presumption may be rebutted "either by the defendant's own testimony or by any other evidence, including the inherent or developed incredibility of the prosecution's witnesses" (People v Tabb, 12 AD3d 951, 952 [2004] [internal quotation marks and citations omitted], lv denied 4 NY3d 768 [2005]).

As noted previously, defendant was observed by a member of the surveillance team leaving his mother's residence "clutching his hooded sweatshirt in where the middle pocket would be" and entering the passenger side of a green Honda Accord. When the vehicle pulled away from the curb, another member of the surveillance team followed in an unmarked vehicle, at which point the detective in question noted that the Honda had two occupants — the driver and defendant, the latter of whom was seated in the passenger seat.[3] A detective in a marked vehicle then initiated a traffic stop and, as members of the takedown team approached the Honda on foot, defendant was observed moving around in his

---

[3] More than one of the detectives identified defendant as the occupant of the passenger seat.

seat, "leaning forward like he was reaching down to the floor" and making "nervous movements." The Honda then fled the scene at a high rate of speed and a pursuit ensued. As the chase unfolded, a detective in the lead unmarked vehicle saw "a handgun being thrown out of the passenger[] side window," which, in turn, "hit the windshield of a parked car, shattered the windshield and . . . bounced over and landed on the ground." Another detective, who also was involved in the pursuit, testified that he "observed the passenger [of the Honda] being [defendant] throw what [he] believed to be a gun out [of] the window." The fleeing vehicle then slowed, at which point defendant jumped out of the passenger side of the vehicle and fled on foot before being apprehended and taken into custody. The weapon was secured, and subsequent testing of the weapon retrieved from the scene revealed that the handgun was operable. Defendant did not testify.

Although no fingerprints were lifted from the weapon and the DNA retrieved was insufficient to make a comparison to a known profile, upon reviewing the foregoing evidence in a neutral light and deferring to the jury's resolution of credibility issues (see generally People v Speed, ___ AD3d ___, ___, 2015 NY Slip Op 09134, *1 [2015]; People v Harvey, 96 AD3d 1098, 1100 [2012], lv denied 20 NY3d 933 [2012]), we are satisfied that the jury's verdict is in accord with the weight of the evidence (see People v Butler, 126 AD3d at 1123). Accordingly, we discern no basis upon which to disturb the judgment of conviction. Defendant's remaining contentions, including his assertion that the sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court