Mulvey, J.
 

 Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 11, 2015, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
 

 In April 2014, a confidential informant purchased heroin on two occasions from defendant’s boyfriend, Arthur Anderson, at an apartment located in the Village of Endicott, Broome County where defendant’s friend resided. Members of the City of Binghamton Police Department thereafter obtained and executed two search warrants. The first warrant, for defendant’s person, produced no narcotics and the second warrant, for the apartment, disclosed heroin secreted in cans with false bottoms. Packaging materials and face masks containing the DNA of defendant and Anderson, believed to be drug paraphernalia, were also found in the apartment.
 

 Defendant was thereafter charged in an eight-count indictment with three counts of criminal possession of a controlled substance in the third degree and other crimes stemming from, as relevant here, the search of the apartment.
 
 [1]
 
 Defendant moved to suppress, among other things, the physical evidence found in the apartment, claiming that the search warrant was not supported by probable cause and was defective, and requested a Darden hearing. At the hearing on defendant’s omnibus motion, County Court denied her motion to suppress the physical evidence obtained in the apartment pursuant to the execution of the search warrant, without a hearing. The court concluded that, upon review of the search warrant application, the search warrant was facially valid. The court further denied the request for a Darden hearing (see People v Darden, 34 NY2d 177 [1974]).
 
 [2]
 
 Defendant thereafter pleaded guilty under count 2 of the indictment to criminal possession of a controlled substance in the third degree in satisfaction of all charges, pursuant to a plea agreement that left sentencing to the court’s discretion with a cap of 4V2 years followed by three years of postrelease supervision. County Court sentenced defendant, as an admitted second felony offender, to a prison term of four years with three years of postrelease supervision. Defendant now appeals.
 

 We affirm. Defendant lacked standing to challenge the search warrant or the search of the apartment pursuant to that warrant. A “defendant seeking suppression of evidence [has] the initial burden of showing sufficient grounds for the motion based on sworn allegations of fact” and “such grounds necessarily include a showing of standing—that is, a legitimate expectation of privacy in the searched premises” (People v Wesley, 73 NY2d 351, 358-359 [1989]; see CPL 710.60; People v Scully, 14 NY3d 861, 864 [2010]; People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]). Where, as here, criminal charges are “predicated on ordinary constructive possession principles, standing is available only if the defendant demonstrates a personal legitimate expectation of privacy in the searched premises” (People v Tejada, 81 NY2d 861, 862 [1993] [internal quotation marks, brackets and citation omitted]).
 
 [3]
 
 Defendant did not submit a personal affidavit or any proof from which it could be concluded that she had such an expectation of privacy with respect to the apartment, which was not her residence, and her motion papers are devoid of any allegations of fact supporting such an expectation. Her “presence in an apartment in which [s]he did not reside did not confer standing upon [her] to challenge the search and seizure in that apartment” (id. at 863; see People v Jones, 47 AD3d 961, 963-964 [2008], lv denied 10 NY3d 812 [2008]; compare People v Cleveland, 14 AD3d 798, 799 [2005], lv denied 4 NY3d 829 [2005]). Further, the affidavit of her attorney, who lacked personal knowledge, “will not suffice” (People v Cleveland, 14 AD3d at 799).
 

 Accordingly, as defendant failed to allege facts establishing her standing to challenge the search of the apartment and seizure of the drugs and paraphernalia, her motion to suppress was properly denied without a hearing (see CPL 710.60 [3] [a], [b]; People v Burton, 6 NY3d 584, 587-588 [2006]; People v Jones, 47 AD3d at 964). Furthermore, given the foregoing, she did not have standing to challenge the warrant or County Court’s refusal to conduct a Darden inquiry (see People v Christian, 248 AD2d 960, 961 [1998], lv denied 91 NY2d 1006 [1998]; People v Abreu, 239 AD2d 424, 424 [1997], lv denied 90 NY2d 901 [1997]; People v Bandera, 166 AD2d 657, 657 [1990]; People v Melendez, 160 AD2d 739, 739 [1990], lv denied 76 NY2d 792 [1990]; see generally People v Crooks, 27 NY3d 609, 612-613 [2016]).
 

 With regard to defendant’s claim that her guilty plea was not knowing, voluntary or intelligent, this claim is not preserved for our review as the record does not reflect that she made an appropriate postallocution motion to withdraw her plea (see CPL 220.60 [2]; People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]). Further, defendant did not make any statements during the plea allocution that cast doubt on her guilt or called into question the voluntariness of her plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]; see also People v Williams, 27 NY3d 212, 219-220 [2016]). While defendant protested County Court’s imposition of a sentence, arguing that the minimum sentence should be imposed, she did not make statements at sentencing that triggered the narrow exception to the preservation requirement (compare People v Gresham, 151 AD3d 1175, 1177-1178 [2017]).
 

 Finally, we are not persuaded by defendant’s contention that the sentence was harsh and excessive. Contrary to her claim that she was promised a flat two-year prison sentence, County Court made clear that, under the terms of the agreement, sentencing would be left to its discretion. The court advised defendant that it could impose a sentence of between two years with IV2 to 3 years of postrelease supervision, at a minimum, and up to a maximum sentence of 4V2 years with three years of postrelease supervision. In view of her criminal history, which includes two prior drug-related felony convictions, we find no extraordinary circumstances or abuse of sentencing discretion, particularly given that the sentence imposed is significantly below the maximum permissible sentence that she could have received (see CPL 470.15 [3] [c]; [6] [b]; People v Slaughter, 150 AD3d 1415, 1418 [2017]).
 

 Egan Jr., J.P., Lynch and Rose, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 [1]
 

 . Anderson was charged in the same indictment in six of the eight counts.
 

 [2]
 

 . While County Court had initially incorrectly stated that defendant had not requested a Darden hearing, the court then ruled on the request and denied the hearing.
 

 [3]
 

 . Likewise, the record did not reflect that defendant was entitled to automatic standing based upon the People’s need or intent to rely on the statutory room presumption, as there was no proof that the drugs were found in plain view or in close proximity to defendant (see Penal Law § 220.25 [2]; People v Jones, 47 AD3d 961, 964 [2008], lv denied 10 NY3d 812 [2008]).