People v Byrd (2019 NY Slip Op 05721)





People v Byrd


2019 NY Slip Op 05721


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109264

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RASHAD BYRD, Appellant.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Karen Fisher McGee, New York State Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Champagne, J.), entered December 15, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the third degree.
In 2017, this Court affirmed a judgment convicting defendant of criminal possession of a controlled substance in the third degree (152 AD3d 984 [2017]). The conviction stemmed from baggies of crack cocaine recovered from defendant's rental vehicle after a surveilled drug transaction between defendant and another individual. Following the stop of the vehicle, defendant told officers that he was staying in a specific hotel room, that the drugs recovered from his vehicle were for his personal use and that he traded crack cocaine for marihuana that the other individual had purchased. Officers obtained a search warrant for the hotel room and discovered, among other things, a digital scale. There was no dispute at the later suppression hearing that a valid warrant had been obtained, defense counsel's efforts to suppress the items found in the room on other grounds was unsuccessful, and the digital scale formed part of the People's case at trial.
During the pendency of his direct appeal from the judgment of conviction, defendant made a pro se motion pursuant to CPL 440.10 to vacate the judgment of conviction upon the ground that, as is relevant here, he was denied the effective assistance of counsel. County Court denied the motion without a hearing, and defendant, with this Court's permission, appeals.
We affirm. Defendant argues that, at a minimum, his motion should not have been denied without a hearing. "Although a hearing on a CPL 440.10 motion is not always necessary, a hearing is required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief" (People v Monteiro, 149 AD3d 1155, 1156 [2017] [citations omitted]; see CPL 440.30 [5]; People v Pabon, 157 AD3d 1057, 1058 [*2][2018], lv denied 31 NY3d 986 [2018]). Defendant faults his suppression hearing counsel and his subsequently appointed trial counsel for failing to raise a colorable suppression issue related to the fact that another individual had rented the hotel room and then failing to use that detail to argue that the digital scale was not his.
With regard to the first issue, defendant overlooks that he had not rented the hotel room. He would ordinarily lack standing to challenge its search under those circumstances, and he makes no effort to explain why that would not be true here (see People v Carter, 86 NY2d 721, 722-723 [1995]; People v Tejada, 81 NY2d 861, 863 [1993]; People v Jones, 155 AD3d 1103, 1105 [2017], lv denied 30 NY3d 1106 [2018]; People v Jones, 47 AD3d 961, 963 [2008], lvs denied 10 NY3d 808, 812 [2008]). Accordingly, inasmuch as counsel is not ineffective for failing to make an argument that stands "little or no chance of success," we perceive nothing in the foregoing that would require a hearing (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citations omitted]; see People v Tuff, 156 AD3d 1372, 1378 [2017], lv denied 31 NY3d 1018 [2018]).
As for the second issue, the undisputed proof at trial was that the hotel room was not registered in defendant's name, and defendant fails to articulate why additional proof on that point would have been useful. Trial counsel relied in part upon that fact to cogently argue that the People had not shown that defendant was in the hotel room or kept any property there and that, as a result, the items recovered in the room were not proof that defendant had the requisite "intent to sell" the crack cocaine found in the rental vehicle (Penal Law § 220.16 [1]). Thus, to the extent that this issue involved matters outside of the record so as to render a CPL article 440 motion appropriate (see People v Taylor, 156 AD3d 86, 89-90 [2017], lv denied 30 NY3d 1120 [2018]), no hearing was required to determine that "defendant's right to effective assistance of counsel has been satisfied" (People v Satterfield, 66 NY2d 796, 799 [1985]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed.