People v Rock
2026 NY Slip Op 03474
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Timothy Rock, Appellant.

Decided and Entered:June 4, 2026
112247
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Michelle E. Stone, Vestal, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]
McShan, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered October 16, 2019, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
Defendant was charged by indictment with one count of criminal possession of a weapon in the second degree following law enforcement's recovery of a handgun that purportedly belonged to defendant at the home of an accomplice. After trial, a jury convicted defendant of the sole count in the indictment, and County Court thereafter sentenced defendant, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant contends that his conviction is unsupported by legally sufficient evidence and against the weight of the evidence. Specifically, defendant contends that the accomplice's testimony was the only direct evidence that he possessed a loaded firearm and that account was insufficiently corroborated to sustain his conviction.FN1 "When assessing the legal sufficiency of a jury verdict, we view the facts in the light most favorable to the People and examine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Jenkins, 215 AD3d 1118, 1119 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 997 [2023]; see People v Zeoli, __ AD3d ___, ___, 2026 NY Slip Op 02171, *1 [3d Dept 2026]). "In contrast, when assessing whether a verdict is supported by the weight of the evidence, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable, and, if it would have been reasonable for the jury to reach a different conclusion, then we must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine whether the jury has failed to give the evidence the weight it should be accorded" (People v Harris, 206 AD3d 1454, 1455-1456 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 940 [2022]; see People v Moore, 247 AD3d 1251, 1252 [3d Dept 2026]). As relevant here, "[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm" (Penal Law § 265.03 [3]).
The trial testimony established that, in October 2018, defendant called an acquaintance for a ride. According to the acquaintance, when she picked defendant up, she observed defendant carrying a backpack and a gray sweatshirt. The acquaintance testified that defendant had a gun wrapped in the gray sweatshirt when she picked him up, although she acknowledged that she did not directly observe said gun, any bullets or a magazine. After driving around throughout the night, early the next morning defendant [*2]and the acquaintance went to the accomplice's apartment and defendant brought his backpack and sweatshirt inside. The accomplice testified that, upon entering the apartment, defendant brought his backpack into a bedroom, subsequently took a handgun out of his pocket and showed it to the accomplice. The accomplice consented to defendant leaving the gun in the apartment and observed defendant unloading the gun at the accomplice's request. The accomplice then told defendant to put the gun in the bedroom closet in a place where the accomplice would be unable to find it. Defendant then took the acquaintance's vehicle and left the apartment by himself. According to the acquaintance, upon learning that defendant had taken her vehicle without her knowledge, she attempted to contact defendant multiple times unsuccessfully. A short while later, defendant finally called her back and reported that he had been in a motor vehicle accident with her vehicle. The next day, the acquaintance reported to the Johnson City Police Department that her vehicle had been stolen. The police later went to the accomplice's apartment, located defendant's gun and backpack in the bedroom closet and the accomplice advised that the items belonged to defendant.
When viewed in the light most favorable to the People, defendant's conviction for criminal possession of a weapon in the second degree is supported by legally sufficient evidence. The crux of defendant's contention is that the acquaintance's testimony failed to adequately corroborate the accomplice's testimony that defendant possessed a loaded firearm because the acquaintance never directly observed the firearm. Pursuant to CPL 60.22 (1), "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (see People v Butts, 244 AD3d 1479, 1481 [3d Dept 2025], lv denied 45 NY3d 944 [2026]; People v Ashe, 208 AD3d 1500, 1502 [3d Dept 2022], lv denied 39 NY3d 961 [2022]).FN2 However, the degree of evidence necessary to corroborate an accomplice's testimony "need not establish all the elements of the offense" (People v Lukosavich, 189 AD3d 1895, 1896 [3d Dept 2020] [internal quotation marks and citations omitted]; see People v Jones, 215 AD3d 1123, 1129 [3d Dept 2023], lv denied 40 NY3d 935 [2023]). Indeed, it is not a requirement that the corroborative evidence definitively establish defendant's commission or connection with the commission of the crime; rather, "[i]t is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (People v Reome, 15 NY3d 188, 191-192 [2010] [internal quotation marks and citations omitted]; accord People v Jones, 215 AD3d at 1128-1129; see People v Heimroth, 181 AD3d 967, 968 [3d Dept 2020], lv denied 35 NY3d 1027 [2020]).
We find that the acquaintance's testimony [*3]provided the necessary corroborative evidence because her testimony placed defendant at the accomplice's apartment with a gun and backpack (see People v Luna, 228 AD3d 1061, 1065-1066 [3d Dept 2024], lv denied 42 NY3d 971 [2024]; People v Jones, 215 AD3d at 1129-1130). Although the acquaintance conceded that she did not directly observe the gun, she testified that she knew defendant possessed it and, noting that both of the aforementioned items were recovered in the accomplice's apartment, such proof "provided far more than the slim corroborative linkage necessary to sustain the People's burden of providing legally sufficient evidence to support each element of the charged crime[ ]" (People v Luna, 228 AD3d at 1066 [internal quotation marks and citation omitted]; see CPL 60.22 [1]). Similarly, we reject defendant's weight of the evidence argument. A different verdict would not have been unreasonable given the lack of scientific evidence extracted directly from the gun that would connect him to it and, concomitantly, the credibility determinations underlying each witness' testimony that were necessary to establish the elements of the offense; however, viewing the evidence in a neutral light, we find no reason to disturb the jury's determination on the record before us (see People v Jones, 215 AD3d at 1131; People v Ashe, 208 AD3d at 1505; People v Lawrence, 141 AD3d 828, 832-833 [3d Dept 2016], lv denied 28 NY3d 1073 [2016]; People v Oliver, 135 AD3d 1188, 1191 [3d Dept 2016], lv denied 27 NY3d 1003 [2016]).
Clark, J.P., Aarons, Pritzker and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1
Defendant does not dispute that the trial record contained adequate proof that the gun was loaded and operable (see generally People v Zeoli, ___ AD3d ___, ___, 2026 NY Slip Op 02171, *2 [3d Dept 2026]; People v Bowden, ___ AD3d ___, ___, 253 NYS3d 811, 814 [3d Dept 2026]).

Footnote 2
There is no dispute that corroboration of the accomplice's testimony was mandated based upon County Court's jury charge that he was an accomplice as a matter of law (seePeople v Jones, 215 AD3d 1123, 1128 [3d Dept 2023], lv denied 40 NY3d 935 [2023]).