■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS TOLENTINO, Respondent.— Order, Supreme Court, Bronx County, entered on January 15, 1971, granting in part defendant's motion to suppress certain incriminating statements, affirmed. Defendant's interrogation followed a search of his person, under authority of a search warrant, by police officers with drawn guns. Obviously, defendant was in custody, his will to resist was affected and there was compulsion to speak. Clearly, under these circumstances, defendant was entitled to the *Miranda* warnings before being questioned. (See *People* v. *Phinney*, 22 N Y 2d 288, 291; *People* v. *Shivers*, 21 N Y 2d 118.) Concur — Nunez, Kupferman and Murphy, JJ.; Stevens, P. J., and Markewich, J., dissent and vote to reverse and deny the defendant's motion on the authority of *People* v. *Ryff* (27 N Y 2d 707).

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS TOLENTINO, Respondent.— Order, Supreme Court, Bronx County, entered on January 26, 1971, suppressing evidence obtained from defendant's automobile, unanimously reversed, on the law and on the facts, and defendant's motion to suppress the heroin seized from his automobile denied. The record discloses that, in early February, 1970, the police learned from a reliable informant that defendant and one Peter Darminio were engaged in extensive heroin trafficking. Thereafter the two men were investigated and kept under surveillance. On March 5, 1970 Detective Leuci received information that defendant and Darminio would be in possession of heroin at a service station in the Bronx. A warrant authorizing a search of both men was obtained. Darminio was the first to arrive at the gas station. No heroin was found on his person. He is said to have consented to the search of his automobile which was on the apron of the gas station where five ounces of heroin were found. A few minutes later the instant defendant arrived at the scene. He was searched and once again no contraband was found, but automobile keys were recovered. Defendant was asked if he had a car and if it might be searched. He identified his car and agreed to the search. Ten ounces of heroin were found in the trunk of the car. Defendant was then arrested and for the first time advised of his rights. Following a *Huntley* hearing the trial court concluded that the search of defendant's car flowed directly from the questions and answers suppressed by the order of January 15, 1971, and suppressed the heroin. We find ample evidence, independent of the questions and defendant's answers about his automobile, to dissipate any taint and to approbate the search. (See *Nardone* v. *United States*, 308 U. S. 338, 341; *Wong Sun* v. *United States*, 371 U. S. 471; *People* v. *Mendez*, 28 N Y 2d 94.) Furthermore, the police had probable cause to search defendant's automobile. Defendant's car was known to the detectives, since he had been under surveillance for several weeks. One of the detectives knew his license plate number; another saw the defendant arrive in his car. Probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. (See *Smith* v. *United States*, 358 F 2d 833, 837 [Burger, J.], cert. den. 386 U. S. 1008.) In dealing with probable cause, we deal with probabilities; these are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians,

act. (See *Brinegar* v. *United States,* 338 U. S. 160, 175.) During the course of their investigation, the police observed the defendant in association with known narcotics dealers. Just prior to the search of defendant's automobile they had found heroin in his companion's car. Under these circumstances, we find that the police had sufficient probable cause to search defendant's automobile without a warrant. (See *Chambers* v. *Maroney,* 399 U. S. 42.) Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Murphy, JJ.