■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. MITCHELL, Appellant. [617 NYS2d 219] —White, J.

Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered July 6, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and resisting arrest.

Defendant is seeking a reversal of his conviction of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and resisting arrest on the ground that the verdict is against the weight of the evidence.

Our independent review of the evidence shows that on June 1, 1992, Police Officer Anthony Ryan stopped defendant, who was walking along Third Avenue in the City of Albany, as he believed there was an outstanding warrant for defendant's arrest. After determining that there was such a warrant, Ryan placed defendant under arrest. At that point, according to Ryan, defendant attempted to flee and a struggle ensued between defendant, Ryan and two other police officers. Ultimately, defendant was subdued and his hands were handcuffed behind his back. Once that was accomplished, Ryan patted defendant down for weapons, finding none. Ryan then instructed Police Officer Joseph Iwaniac to search the right side compartment of the paddy wagon. When Iwaniac reported that he had not discovered any contraband in the paddy wagon, defendant was placed in it and driven to the police station.

When defendant was removed from the paddy wagon at the police station, it was again searched by Iwaniac. This time he discovered a plastic bag on the bottom step of the stairs leading from the floor of the paddy wagon to a side door. Subsequent investigation revealed that inside this bag there was a second plastic bag wrapped in a ball which contained 13 individual Ziploc baggies containing crack cocaine weighing in excess of 500 milligrams. There was testimony from an experienced narcotics detective that, when large quantities of individually packaged drugs are found on one person, it is a very good indicator that such person is involved in the sale of narcotics.

Defendant testified that, after Ryan stopped him, Ryan conducted a careful search of his person, including going through his pockets, which did not yield any contraband. As for the crack cocaine found in the paddy wagon, he maintained that he did not put it there.

Giving great deference to the jury's resolution of the credibility issues and considering the entire record, taking into account the probative force of the testimony and the possible inferences that could be drawn therefrom, we cannot say that the verdict is against the weight of the evidence since the record establishes that defendant knowingly and unlawfully possessed 500 milligrams or more of cocaine with intent to sell it and he resisted arrest (see, People v Acosta, 80 NY2d 665, 672; People v Bleakley, 69 NY2d 490, 495; see also, Penal Law §§ 205.30, 220.06 [5]; § 220.16 [1]).

Lastly, the cumulative prison sentence of 4 to 12 years that County Court imposed on defendant is not harsh and excessive since it was not the harshest permissible sentence and this was not defendant's first involvement with the criminal justice system (see, People v Negron, 193 AD2d 976, lv denied 82 NY2d 757).

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).