■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARICHAL BELO, Appellant. [659 NYS2d 910] —Mercure, J. Ap-

peal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 18, 1995, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

On December 25, 1993, police officers were dispatched to a home at 564 Mumford Street in the City of Schenectady, Schenectady County, in response to a burglar alarm. Upon arriving at the scene, the police observed defendant walking nearby. When defendant heard the squeal of the police car's brakes, he turned, saw the police vehicle and immediately placed what appeared to be a small plastic bag containing a white substance in his mouth. The police stopped defendant, asked him what he was doing, performed a pat-down search and then placed defendant in the police vehicle. The police told defendant that he would die if he were to swallow cocaine, and defendant spit the baggie out onto the seat of the police car, stating "my mouth just numbed up, it just froze up". Defendant was arrested on drug charges, and subsequent analysis established that the baggie contained cocaine. Ultimately tried, found guilty of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentenced to a prison term aggregating 8 1/3 to 25 years, defendant now appeals.

We affirm. We reject the contention that County Court erred in refusing to suppress evidence of the contents of the plastic baggie. First, we are not persuaded that defendant was illegally seized. Probable cause is a synthesis of all the information known to a police officer, including what he or she has seen, learned and heard as a trained officer (see, People v Calder, 44 AD2d 683, 684; People v Tolentino, 40 AD2d 596). Here, the police observed defendant walking down the street near the site of a sounding burglar alarm, thereby justifying the officers' approach to request information (see, People v Hollman, 79 NY2d 181, 184). Then, the officers' observation of defendant placing an object that appeared to be a plastic bag filled with a white substance in his mouth, together with their police training and the neighborhood's reputation for drug trafficking, justified the conclusion that the substance was cocaine and supported a finding of probable cause to arrest defendant (see, id., at 184-185; People v De Bour, 40 NY2d 210, 223). Defendant's subsequent statement that he tried to swallow the cocaine-filled baggie but his mouth just "froze up" was not the product of police conduct or questioning.

Also unavailing is the contention that the People failed to

establish the "intent to sell" element of the count of the indictment charging criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). To the contrary, the sheer quantity of the drug, i.e., an aggregate weight of 729 milligrams, and the fact that it was divided into 11 approximately equal individually bagged portions justified the conclusion that defendant possessed the drug for resale (see, People v Mitchell, 208 AD2d 992, 993-994, lv denied 84 NY2d 1035). Nor are we persuaded that County Court denied defendant his statutory right to sequestration of the jury when it permitted the jurors to retire to their homes overnight following the first day of deliberations. The trial, conducted in September 1995, was governed by the 1995 amendment to CPL 310.10, effective July 5, 1995 (see, L 1995, ch 83, §§ 209, 362 [17]), which provided for a recess during jury deliberations in the court's discretion where, as in this case, the trial is for a class B nonviolent felony (see, CPL 310.10 [former (2)]). In any event, because defendant registered no objection to the recess, he failed to preserve the issue for our consideration (see, People v Johnson, 213 AD2d 791, 793, lv denied 85 NY2d 975). Finally, giving due consideration to defendant's extensive criminal history, we are not persuaded that the sentence was harsh and excessive (see, People v White, 211 AD2d 982, lv denied 85 NY2d 944).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.