■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARTON, Appellant. [787 NYS2d 135]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 6, 2000 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

Following a jury trial, defendant was convicted as charged of crimes stemming from his possession of in excess of three ounces of crack cocaine with an estimated street value of $10,000. At approximately 11:00 P.M. on November 10, 1999, a vehicle driven by Alvin Collins was stopped by the State Police for erratic driving near Exit 23 of the Thruway. Defendant, a rear-seat passenger in Collins' car, was asked for and produced identifica-

tion, leading police to learn of an outstanding warrant for his arrest in New York City; defendant accompanied a state trooper to a nearby barracks to be processed on the warrant, followed by Collins. Outside the barracks, the trooper observed an electronic scale in the rear passenger seat where defendant had been sitting, and a consent search later produced the scale. Inside the barracks, sniffing dogs arrived while a trooper was filling out an arrest report, and that trooper then observed Collins' girlfriend give him something. Collins, in turn, attempted to place a bag containing a white substance into defendant's pocket; unsuccessful in his attempt, Collins threw it in the garbage and fled, but was apprehended. Subsequent tests revealed the bag contained crack cocaine. After repeated *Miranda* warnings, defendant provided a signed, written statement admitting that he had possessed the cocaine but contending that he was an addict and had found or stolen it the day before and wanted to smoke it, and gave the drugs to Collins once they were on the highway. Upon his convictions of criminal possession of a controlled substance in the second and third degrees and criminally using drug paraphernalia in the second degree, defendant was sentenced as a second felony offender to concurrent terms of imprisonment, the maximum of which was 10 years to life. Defendant now appeals and we affirm.

Regarding defendant's challenges to Supreme Court's suppression rulings, we find no error in the admission of his oral and written statements. The testimony at the *Huntley* hearing fully supports the court's determination that defendant received and comprehended repeated *Miranda* warnings and voluntarily waived his rights, agreed to speak with an investigator and provided oral and written statements which were shown to be voluntary beyond a reasonable doubt (*see People v Marx,* 305 AD2d 726, 727-728 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Burns,* 281 AD2d 704, 704-705 [2001], *lvs denied* 96 NY2d 826, 831 [2001]). Defendant's claim that the statements were obtained by intimidation, trickery or coercion lacks any record support. Indeed, the totality of circumstances reveals that he was questioned in a sizable room that was in no sense secluded, no coercive tactics or deprivations were employed, questioning was relatively brief and calm and no factors indicative of involuntariness were present (*see People v Marx, supra*; *People v Warren,* 300 AD2d 692, 694 [2002], *lv denied* 99 NY2d 621 [2003]; *cf. People v Anderson,* 42 NY2d 35 [1977]).

Defendant also claims that his statements should be suppressed because his indelible right to counsel had attached, precluding police from questioning him on these charges. While

this claim is reviewable despite the fact that it is unpreserved (*see People v Ramos,* 99 NY2d 27, 30 [2002]), it is meritless. The outstanding warrant did not preclude questioning on these unrelated charges (*see People v Bing,* 76 NY2d 331, 349-351 [1990]). Further, when defendant confessed to possessing cocaine, judicial proceedings had not begun and defendant had not retained or requested an attorney but, rather, had waived his right to counsel (*see People v Ramos, supra* at 33).

Defendant's argument that his statements to police should have been suppressed as the "product" of his arrest without probable cause is unpreserved, as defendant never requested a probable cause hearing or raised these contentions at the suppression hearing (*see People v Purcelle,* 282 AD2d 824, 824-825 [2001]). In any event, defendant was not arrested until *after* he provided the inculpatory statements and those statements and other evidence provided probable cause for the arrest. To the extent that defendant is challenging the detention and interrogation on these charges, the record reflects that he was initially detained on the outstanding warrant and was only detained on the current charges after police had observed the scale in the car and Collins' attempt to give defendant the plastic bag. In our view, this evidence provided reasonable suspicion that defendant had committed, or was about to commit, a crime (*see People v De Bour,* 40 NY2d 210, 223 [1976]; *see also* CPL 140.50 [1]; *People v Hollman,* 79 NY2d 181 [1992]).

Next, viewing the evidence, including defendant's statements, in the light most favorable to the prosecution, which is entitled to the benefit of every inference permissible, legally sufficient evidence was adduced to establish all of the elements of the crimes of which he was convicted, including defendant's intent to sell, his knowing possession of the requisite amount of cocaine and of an electronic scale under circumstances evincing an intent to unlawfully use it (*see People v Acosta,* 80 NY2d 665, 672 [1993]; *People v Bleakley,* 69 NY2d 490, 490-495 [1987]; *see also* Penal Law § 220.18 [1]). Defendant's intent to sell (*see* Penal Law § 220.16 [1]) was proved through the foregoing testimony and inferences to be drawn from the electronic scale and the street value of the cocaine, which the police experts testified exceeded the quantity a user would typically possess (*see People v Elhadi,* 304 AD2d 982, 982-984 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Cooper,* 303 AD2d 776, 778-779 [2003], *lv denied* 100 NY2d 560 [2003]; *People v Tarver,* 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). Further, while a different verdict would not have been unreasonable, upon weighing the relative probable force of the conflicting

testimony and conflicting inferences that may fairly be drawn from it, we do not find that the verdict was contrary to the weight of the credible, consistent evidence, or that the jury erred in crediting the troopers' testimony over defendant's divergent account of what occurred and his attempts to retract portions of his signed statement (*see People v Bleakley, supra* at 495).

Additionally, addressing defendant's claims that Supreme Court's *Sandoval* and *Ventimiglia* rulings deprived him of a fair trial, we cannot agree, finding that the rulings reflect appropriate exercises of discretion (*see People v Walker,* 83 NY2d 455, 459 [1994]; *People v Satiro,* 72 NY2d 821 [1988]). The court permitted cross-examination regarding a 1990 conviction for grand larceny in the fourth degree and its underlying facts, a crime involving dishonesty which reflected on defendant's credibility as a witness and was not so remote as to lose that relevance (*see People v Tarver, supra* at 117; *see also People v Gray,* 84 NY2d 709, 712 [1995]). Next, the court permitted testimony that the outstanding warrant related to his failure to pay a $25 fine for a marihuana violation, not to impeach defendant's testimony but, rather, as part of the troopers' explanations of their actions. While defendant believes that the fact that it was drug-related should have been concealed from the jury, the warrant was "inextricably intertwined" with the facts of this case, and we find that the court struck a fair balance in clarifying that it was a minor violation (as defendant had requested), but revealing its nature (as the People had requested) (*see People v Ventimiglia,* 52 NY2d 350, 361 [1981]; *People v Horsey,* 304 AD2d 852, 853 [2003], *lv denied* 1 NY3d 573 [2003]; *People v Jeanty,* 268 AD2d 675, 679 [2000], *lvs denied* 94 NY2d 945, 949 [2000]). Also, the court provided a detailed limiting instruction clearly specifying its limited probative value (*see People v Chestnut,* 254 AD2d 525, 526 [1998], *lv denied* 93 NY2d 871 [1999]).

Finally, we are not persuaded that Supreme Court's imposition of a 10-year to life sentence, which was less than the maximum permissible second felony offender sentence for the top count (*see* Penal Law § 70.06 [3] [a]; [4] [a]), represented an abuse of discretion, and we fail to discern the type of extraordinary circumstances which warrant disturbing the trial court's discretion (*see People v Perkins,* 5 AD3d 801, 804 [2004]).

We have reviewed defendant's remaining contentions and find them to be without merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.