■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. PATCHEN, Appellant. [847 NYS2d 745]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 18, 2006, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Following a jury trial, defendant was found guilty of criminal possession of a controlled substance in the third degree based upon his possession of 9.2 ounces of methamphetamine. On this appeal, he makes two arguments in support of his contention that the verdict was not supported by legally sufficient evidence. Specifically, he argues that (1) the testimony of his accomplice was uncorroborated, and (2) insufficient evidence was presented on the element of "intent to sell" (Penal Law § 220.16 [7]).

"Although a conviction may not rest on accomplice testimony alone (*see* CPL 60.22), the corroboration requirement is satisfied when the record contains credible, probative evidence establishing the reliability of [that] testimony" (*People v Arrington*, 31 AD3d 801, 803 [2006], *lv denied* 7 NY3d 865 [2006] [citation omitted]; *see People v Baldwin*, 35 AD3d 1088, 1090

[2006]). Here, defendant's girlfriend, Robin Hart, was a passenger in her own vehicle when defendant, who was driving, was stopped for a traffic violation.* According to Hart's testimony, at the time of the stop, defendant handed her a tin containing the methamphetamine, saying " '[h]ere, take this,' " and she then placed the tin between her seat and the center console of the car. She further testified that she recognized the tin container as belonging to defendant. This testimony was sufficiently corroborated by physical evidence recovered from the vehicle; specifically, a power converter, exhaust fan, heater, thermometer, propane tanks, lithium batteries, plastic tubing and coffee filters, all of which both State Police Investigator Jeffrey Gotschall and State Police Senior Investigator Vincent Breslin testified are commonly used in manufacturing methamphetamine. Defendant's possession of these materials was probative of his knowledge of and intent to possess methamphetamine (*see People v Sawyer*, 23 AD3d 845, 846 [2005], *lv denied* 6 NY3d 852 [2006]). Additionally, Gotschall testified that while defendant and Hart were being detained at the barracks, he overheard defendant say to Hart, "Okay, Robin, this is just like before, okay?" to which she responded, "Oh, okay. We found the stuff in the woods." Taken together, this evidence was sufficient to corroborate Hart's trial testimony and connect defendant to the commission of the crime (*see People v Cross*, 25 AD3d 1020, 1023 [2006]).

Hart's further testimony that defendant supplied her with methamphetamine just a few weeks before his arrest, coupled with testimony by Breslin that the amount of methamphetamine contained in the tin was not consistent with personal use, is sufficient to satisfy the "intent to sell" element, particularly since the term " '[s]ell' means to sell, exchange, *give* or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1] [emphasis added]). Viewing the evidence in the light most favorable to the People, we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]). Furthermore, upon our independent review of the record, and according deference to the jury's

---

* State Trooper Andrew Sperr, the officer who stopped the vehicle, died in the line of duty prior to the trial in this matter and was, therefore, unavailable to testify.

credibility determinations, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495-496; *People v Jordan*, 34 AD3d 927, 929 [2006], *lv denied* 8 NY3d 881 [2007]).

Defendant next argues that County Court erred in denying his CPL 330.30 motion to set aside the verdict based on newly discovered evidence. In that motion, defendant noted that Hart testified at trial that the People had agreed to charge her with a misdemeanor for which she would receive no jail time in exchange for her testimony against defendant; however, a week after trial, the People dismissed all charges against her. Defendant claims that the dismissal proves that the People failed to reveal the true nature of the plea agreement prior to his trial and thus violated *Brady v Maryland* (373 US 83 [1963]) by withholding exculpatory information from him. However, in response to defendant's motion, the People submitted affidavits from both Hart's attorney and an Assistant District Attorney which stated that the decision to dismiss the charges against Hart was made *after* defendant's trial, when it became clear that her testimony at the trial was inconsistent with the charge against her. At the subsequent hearing, defendant did not refute the facts as set forth in those affidavits. Accordingly, we find no error in County Court's denial of the motion.

Defendant also contends that trial counsel was ineffective in that, among other things, he failed to make appropriate objections. However, we discern no basis for the specific objections that defendant enumerates (*see* CPL 710.30; *People v Cole*, 24 AD3d 1021, 1025 [2005], *lv denied* 6 NY3d 832 [2006]; *People v Wright*, 5 AD3d 873, 875-876 [2004], *lv denied* 3 NY3d 651 [2004]). Further, we note that while a defendant is entitled to meaningful representation, "meaningful representation does not require perfection" (*People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]; *see People v Wright*, 5 AD3d at 877). Here, counsel made appropriate motions, effectively participated in a *Sandoval* hearing, cross-examined witnesses, requested appropriate jury charges and made opening and closing statements. Overall, defendant received meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Stephens*, 31 AD3d 890, 892 [2006], *lv denied* 7 NY3d 870 [2006]).

Finally, given defendant's criminal history, including the fact that at the time of his arrest in this case he was under federal parole supervision for a December 2004 conviction for possession with intent to distribute methamphetamine, we are not persuaded that his sentence of 12 years in prison with three

years of postrelease supervision is harsh and excessive (*see People v Hutcherson*, 25 AD3d 912, 914-915 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Reid*, 12 AD3d 719, 721 [2004], *lv denied* 4 NY3d 767 [2005]).

Defendant's remaining contentions have been considered and found to be without merit.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.