■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE I. McCoY, Appellant. [873 NYS2d 372]—

Cardona, P.J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 22, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana.

Defendant was convicted after a jury trial of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana. On this appeal, defendant contends that his conviction for criminal possession of a controlled substance in the third degree should be reversed because the People failed to present legally sufficient evidence showing his intent to sell four small packets of heroin found in his pocket.* We agree. Viewed in the light most favorable to the prosecution (*see People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Echavarria*, 53 AD3d 859, 862 [2008], *lv denied* 11 NY3d 832 [2008]), the evidence presented at trial established that at approximately 1:00 A.M. on July 21, 2007 Alice David, the clerk at the Cumberland Farms store located on Main Street in the Village of Hudson Falls, Washington County called police to report that someone was outside the store selling drugs. She placed that call after two separate patrons of the store so informed her. One of those patrons displayed to her what appeared to be a bag of marihuana.

---

* This argument was adequately preserved by defendant's motion to dismiss count one of the indictment at the close of the People's case on the ground that the People failed to prove defendant's intent to sell heroin.

Patrolman Jeffrey Gaulin responded to the call. On several occasions earlier that night—between 11:00 P.M. and 1:00 A.M.—Gaulin had observed defendant, with whom he was already familiar, standing outside the Cumberland Farms store. When he arrived at the store in response to David's call, Gaulin observed defendant coming out of the store with a six-pack of beer. Gaulin approached defendant and accused him of selling drugs. At Gaulin's urging, defendant produced a sock containing seven small bags of marihuana. Gaulin then searched defendant, discovering four individual packets of heroin in his pocket.

As charged here, the crime of criminal possession of a controlled substance in the third degree requires proof that defendant possessed the heroin with the intent to sell it (*see* Penal Law § 220.16 [1]). In that regard, the People presented no direct proof that defendant sold or attempted to sell heroin to any individual. Gaulin did not testify to observing such a transaction, nor did David. And, notably, although David testified that she had observed a male standing outside the door for about half an hour and that she saw him speak to several people whom she described as behaving nervously, she was not able to describe the man at trial—not even his race—and she was unable to identify defendant as the man in question.

Nor is there legally sufficient evidence from which to infer defendant's intent to sell heroin. At the time of his arrest, defendant was carrying no cash beyond a few coins (*see People v Jones*, 47 AD3d 961, 964 [2008], *lv denied* 10 NY3d 812 [2008]; *People v Mendoza*, 5 AD3d 810, 813-814 [2004], *lv denied* 3 NY3d 644 [2004]). No evidence was presented that he possessed a weapon or any paraphernalia commonly associated with the sale of drugs (*see People v Jones*, 47 AD3d at 964; *People v Hawkins*, 45 AD3d 989, 991 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]; *People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). And, significantly, no testimony established that the small quantity of heroin found in his possession was inconsistent with personal use (*see People v Patchen*, 46 AD3d 1112, 1113 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Barton*, 13 AD3d at 723; *People v Tarver*, 292 AD2d at 114).

Although the absence of proof of defendant's intent to sell the heroin compels us to conclude that the evidence was not legally sufficient to support a conviction for criminal possession of a controlled substance in the third degree (*see People v Lamont*, 227 AD2d 873, 875 [1996]), we find that the People did present legally sufficient proof of defendant's knowing and unlawful possession of heroin to support a conviction for the lesser

included offense of criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03; *People v Mizell*, 72 NY2d 651, 655-656 [1988]; *People v Lamont*, 227 AD2d at 875-876). Accordingly, we modify the judgment of conviction by reducing defendant's conviction for criminal possession of a controlled substance in the third degree to a conviction for criminal possession of a controlled substance in the seventh degree (*see* CPL 470.15 [2] [a]).

Defendant's remaining contention that he was denied the effective assistance of trial counsel is not persuasive. Counsel made appropriate pretrial motions, conducted brief but effective cross-examinations that drew forth testimony favorable to defendant's contention that he did not intend to sell the heroin, and consistently pursued that theory during opening and closing statements. Counsel's failure to make certain objections at trial did not, under these circumstances, render his representation ineffective.

Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree; vacate the sentence imposed thereon and matter remitted to the County Court of Washington County for resentencing; and, as so modified, affirmed.

