### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 12, 2015                    105286
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

DAQUAN BLALARK,
                    Appellant.
_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

_____

James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

P. David Soares, District Attorney, Albany (Steven M. Sharp of counsel), for respondent.

_____

Peters, P.J.

Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 17, 2012 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

While driving his vehicle in the City of Albany, defendant was stopped by three law enforcement officers.  Following the officers' recovery of a bag of crack cocaine in the police vehicle where defendant was held during the stop, defendant was transported to the police station where a strip search revealed a quantity of marihuana on his person.  Defendant was charged with

criminal possession of a controlled substance in the third and fourth degrees and unlawful possession of marihuana. After a jury trial, he was convicted as charged and sentenced as a second felony offender to an aggregate prison term of seven years, followed by three years of postrelease supervision. He appeals, and we affirm.

Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. As an initial matter, defendant's general objections at the close of proof did not preserve his argument that the evidence is legally insufficient to establish that he possessed, with the intent to sell, the crack cocaine recovered from the police vehicle (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Valverde, 122 AD3d 1074, 1075 [2014]). However, because a different verdict would not have been unreasonable, we evaluate whether each element of the crimes charged was proven beyond a reasonable doubt in assessing defendant's claim that the verdict is against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Rankin, 117 AD3d 1231, 1232 [2014], lvs denied 24 NY3d 1087 [2014]). As relevant here, a conviction for criminal possession of a controlled substance in the third degree requires proof that the defendant "knowingly and unlawfully possesse[d] . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]; see People v Kramer, 118 AD3d 1040, 1043 [2014]). Criminal possession of a controlled substance in the fourth degree requires proof that the defendant "knowingly and unlawfully possesse[d] . . . a narcotic drug . . . [with] an aggregate weight of one-eighth ounce or more" (Penal Law § 220.09 [1]; see People v Reid, 12 AD3d 719, 720 [2004], lv denied 4 NY3d 767 [2005]).

The evidence at trial established that Josiah Jones, a sergeant with the Albany Police Department, together with John Regan and Kevin Meehan, both detectives with the department, were driving in a police vehicle when Jones recognized defendant driving past them. Acting on the belief that defendant's driver's license was suspended, the officers pulled defendant over. Defendant did not stop his vehicle immediately, but started to pull over and then pulled out into the road several times before ultimately stopping. Upon approaching the vehicle,

all three law enforcement officers smelled marihuana, prompting them to remove defendant from his car and conduct two cursory pat-down searches.  Defendant was then placed in the rear seat of the police vehicle.  During the approximately 15 minutes that defendant was held there, Jones observed him "moving around a lot" and "bobbing his shoulders up and down with his handcuffed hands by his back."  Upon removing defendant from the police vehicle, Regan and Meehan recovered a plastic bag containing three individual plastic bags – which together held over an eighth of an ounce of crack cocaine – that was "tucked up" "underneath the section of the seat where [defendant's] back would have been."  Meehan testified that, although the air was chilly on the October evening of the incident and the bag was not located near any heat source within the police vehicle, it was noticeably warm to the touch.

While defendant contends that the cocaine could have been stashed in the police vehicle by a prior suspect transported just before his arrest, the testimony of Jones and Regan established that the prior suspect was searched before being placed in the back seat of the police vehicle, rode in a different part of the back seat from defendant and was flanked by Meehan and Regan. Furthermore, Meehan testified that he conducted a thorough inspection of the back seat of the police vehicle just prior to defendant's arrest, which included lifting up the back seat and looking underneath it with a flashlight.  Evaluating the evidence in a neutral light and according deference to the jury's credibility determinations (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that defendant's convictions for criminal possession of a controlled substance were not against the weight of the evidence.[1]

---

[1]  To the extent that defendant argues that the People "failed to meet their burden of proof . . . regarding each and every [c]ount charged," we further find that his conviction for unlawful possession of marihuana is likewise supported by the weight of the evidence in light of his concession that police found marihuana on his person during a strip search.

Similarly without merit is defendant's contention that Supreme Court erred in denying his motion to suppress, based on the alleged lack of reasonable suspicion for the stop.  Jones testified at the suppression hearing that he was aware that defendant had a suspended license and had mentioned it to defendant on more than one prior occasion, to give defendant an opportunity to correct the problem.  He further detailed that, approximately one week prior to defendant's arrest, Jones had run defendant's license and confirmed that it was still suspended.  Although Jones did not have a computer in the vehicle he was driving to confirm the status of defendant's license prior to the stop, he nonetheless possessed reasonable suspicion that defendant was driving with a suspended license (see People v Kulk, 103 AD3d 1038, 1038 [2013], lv denied 22 NY3d 956 [2013]; see also People v Haynes, 35 AD3d 1212, 1212 [2006], lv denied 8 NY3d 946 [2007]; People v Gales, 187 AD2d 606, 606 [1992], lv denied 81 NY2d 788 [1993]).

Defendant's contention that Supreme Court abused its discretion in denying his motion to set aside the verdict based on juror misconduct, without a hearing, is similarly unavailing. In support of the motion, defense counsel submitted a sworn affirmation with attached printouts of electronic communications from a juror who alleged that racial comments were made during deliberations.  However, such proof was insufficient to warrant a hearing (see People v Davis, 83 AD3d 1210, 1213 [2011], lv denied 17 NY3d 794 [2011]; People v Johnson, 54 AD3d 636, 636 [2008], lvs denied 11 NY3d 898 [2008], 12 NY3d 759 [2009]), as it relied on hearsay from unsworn statements by the alleged juror, who ultimately refused to swear to or further discuss his allegations (see People v De Lucia, 15 NY2d 294, 296 [1965], cert denied 382 US 821 [1965]; People v Camacho, 293 AD2d 876, 876 [2002], lvs denied 98 NY2d 729, 731 [2002]).  Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction in defendant's sentence (see People v Brock, 107 AD3d 1025, 1029 [2013], lv denied 21 NY3d 1072 [2013]; People v James, 90 AD3d 1249, 1251 [2011], lv denied 18 NY3d 958 [2012]).

Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court