*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    104624
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

AMIR SYED RIZVI,
                        Appellant.
_____


Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 27, 2011, upon a verdict convicting defendant of the crimes of making a terroristic threat and identity theft in the first degree.

        After a threatening email was directed to then-Governor David Paterson via his government website in April 2010, police investigators discovered that the email, although made to appear as though it had been sent by defendant's former spouse, was actually sent by defendant from a computer located in the Brooklyn Public Library.  Defendant was charged by indictment with making a terroristic threat and identity theft in the first degree.  Following a jury trial, defendant was convicted of the

charges and subsequently sentenced to a prison term of four years with three years of postrelease supervision for the terrorist threat conviction and 2½ to 7 years for the identity theft conviction, to be served concurrently. Defendant appeals.

Defendant contends that County Court's admission of statements rendered to police investigators in violation of his Miranda rights deprived him of a fair trial. We disagree. The People bore the burden of demonstrating beyond a reasonable doubt "that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his Miranda rights" (People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013] [internal quotation marks and citation omitted]). During the suppression hearing, County Court heard testimony that police investigators retrieved defendant from his residence and informed him that they were taking him to a State Police barracks. While placed in handcuffs and sitting in the back of a police vehicle, an officer recited the requisite Miranda warning from a preprinted card and asked defendant if he understood his rights, to which defendant responded affirmatively. Defendant then responded to police questioning for approximately 90 minutes in an interrogation room until he requested an attorney, at which point the interview stopped. Despite his insistence that he was never given a warning and was subjected to coercive police tactics, the evidence before County Court revealed that defendant knowingly and intelligently provided answers during the interview. Further, there was no evidence indicating that defendant was suffering from a mental defect at the time that would render his statements involuntary (see People v Sabines, 121 AD3d 1409, 1411 [2014]; People v Pouliot, 64 AD3d 1043, 1045-1046 [2009], lv denied 13 NY3d 838 [2009]). Accordingly, County Court properly declined to suppress defendant's statements.

Defendant's argument that County Court improperly permitted certain Molineux evidence is also without merit. Evidence of a defendant's prior bad acts is permissible "when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]; see People v Johnson, 106 AD3d 1272, 1274 [2013], lvs denied 21 NY3d 1043, 1045, 1046 [2013]). Here, the People's request to offer evidence of defendant's previous acts of sending threatening emails to

government officials that appeared to have been sent by defendant's former spouse and her family, as well as testimony from his former spouse regarding defendant's prior filing of false reports against her, had significant probative value as it demonstrated defendant's intent and motive and was inextricably interwoven with the facts surrounding the April 2010 email at issue in this case. Furthermore, as the court provided limiting instructions to the jury and precluded the admission of the substance of the prior communications, it cannot be said that defendant was prejudiced by such evidence (see People v Nehma, 101 AD3d 1170, 1173 [2012]; People v Kindred, 100 AD3d 1038, 1039 [2012], lv denied 21 NY3d 913 [2013]; People v Edmunds, 21 AD3d 578, 580 [2005], lv denied 5 NY3d 828 [2005]).

Defendant next contends that there was legally insufficient proof to support his conviction of making a terroristic threat and that said conviction was contrary to the weight of the evidence.[1] In determining whether a verdict was supported by legally sufficient proof, we must view the evidence in a light most favorable to the People to determine "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Phoenix, 115 AD3d 1058, 1061 [2014], lv denied 23 NY3d 1024 [2014]; People v Souffrant, 93 AD3d 885, 886 [2012], lv denied 19 NY3d 968 [2012]). A conviction for making a terroristic threat relies upon proof, as is relevant herein, that the defendant "with intent to . . . affect the conduct of a unit of government by murder, assassination or kidnapping, he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense" (Penal Law § 490.20 [1]).

_____

[1] Defendant's failure to specifically discuss in his brief that the identity theft conviction was not supported by legally sufficient evidence and was against the weight of the evidence renders those claims abandoned (see People v Gorham, 18 AD3d 1024, 1025 n [2005]).

At trial, the People presented evidence that showed defendant using a computer inside the library at the time that the email was sent. Trial testimony revealed that the email threatened to murder the Governor, his spouse and other citizens of the state unless an imprisoned terrorist was released from incarceration and, further, that law enforcement officials considered it a serious and imminent threat that warranted investigation (see People v Jenner, 39 AD3d 1083, 1086 [2007], lv denied 9 NY3d 845 [2007]). Contrary to defendant's contention that the People failed to prove beyond a reasonable doubt that he possessed the requisite intent to commit the charged crime, the trial evidence demonstrated that he sent the threatening email to the Governor's office in order to induce government officials to seek criminal prosecution and possible deportation of his former wife. Moreover, the absence of evidence that defendant had the necessary weaponry to carry out the threatened conduct did not undermine the strength of the People's case (see Penal Law § 490.20 [2]; People v Jenner, 39 AD3d at 1086). As the trial evidence fully established all of the required elements, we conclude that defendant's conviction was supported by legally sufficient evidence. Further, even if defendant had shown that a different result would not have been unreasonable, viewing the evidence in a neutral light and giving deference to the jury's credibility determinations leads us to conclude that defendant's conviction is not against the weight of the evidence (see People v Bleakley, 69 NY2d at 495; People v Byron, 85 AD3d 1323, 1325-1326 [2011], lv denied 17 NY3d 857 [2011]).

Finally, in our review of defendant's argument that the sentence is harsh and excessive and must be reduced, given the absence of extraordinary circumstances or an abuse of the sentencing court's discretion, we decline to modify the sentence (see People v Ramirez, 118 AD3d 1108, 1113 [2014]; People v Warner, 110 AD3d 1339, 1340 [2013], lv denied 22 NY3d 1091 [2014]; People v Kendall, 91 AD3d 1191, 1193 [2012]). Here, the sentence imposed was less than the maximum statutory sentence and was reasonable in light of the serious nature of the crime (see People v Monteiro, 93 AD3d 898, 900 [2012], lv denied 19 NY3d 964 [2012]; People v Hanrahan, 9 AD3d 689, 689 [2004]). Therefore, the sentence shall remain undisturbed.

Those arguments raised in defendant's supplemental pro se brief have been considered and found lacking in merit.

McCarthy, J.P., Rose and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court