Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 3, 2016                106550
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

RODNEY DAVIS, Also Known as
    ROCK,
                        Appellant.
_____

Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

                        _____


        Brian M. Callahan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered December 12, 2013, upon a verdict
convicting defendant of the crimes of murder in the second
degree, attempted murder in the second degree (two counts),
assault in the first degree, criminal possession of a weapon in
the second degree (two counts), attempted assault in the first
degree, assault in the second degree and criminal use of a
firearm in the first degree.

        Defendant was charged with a variety of crimes based on
accusations that included that he had shot three victims outside
of a bar, killing one of the victims and wounding the other two.
After a jury trial, defendant was convicted of murder in the

second degree, two counts of attempted murder in the second degree, assault in the first degree, two counts of criminal possession of a weapon in the second degree, attempted assault in the first degree, assault in the second degree and criminal use of a firearm in the first degree. County Court thereafter sentenced defendant to an aggregate prison term of 50 years to life in prison with five years of postrelease supervision. Defendant appeals, and we affirm.

Defendant contends that the People's CPL 710.30 notice of their intention to introduce statements made by defendant to a public servant was inadequate because it failed to provide a sufficient description of statements alleged to be made by defendant during a police interview, thus requiring the preclusion of those statements at trial. However, defendant specifically moved, pretrial, to suppress oral and written statements made during the aforementioned interview. The absence of sufficient notice does not warrant preclusion when the defendant has nevertheless made an unsuccessful suppression motion directed at the statements that were the subject of the inadequate notice (see CPL 710.30 [3]; People v O'Doherty, 70 NY2d 479, 483 [1987]; People v Banks, 77 AD2d 742, 743 [1980]). Moreover, at the time of the Huntley hearing, defendant acknowledged that he had received the notes describing defendant's statements at the aforementioned interview and he did not seek to adjourn the hearing. Accordingly, defendant's contention that he was unable to prepare for the Huntley hearing due to the late receipt of discovery materials is unpreserved for our review (see CPL 470.05 [2]).

Next, County Court did not err in its Molineux ruling. The People sought to introduce evidence of defendant's gang affiliation to explain his motive for shooting the victims and as background for why he would confess to a particular witness — another member of the same gang — that he had shot the three victims. Over defendant's objection, County Court ruled that the People could present evidence of defendant's gang affiliation for the limited purpose of explaining why defendant would confide in a witness that he had shot three people. County Court did not err in admitting evidence of defendant's gang affiliation for that purpose, because it provided necessary background

information (see People v Collazo, 45 AD3d 899, 901 [2007], lv denied 9 NY3d 1032 [2008]; People v Faccio, 33 AD3d 1041, 1042 [2006], lv denied 8 NY3d 845 [2007]).  Further, the court did not abuse its discretion in finding that the probative value of the evidence outweighed its undue prejudicial effect, particularly given that it issued a limiting instruction to the jury as to the purpose for which the gang evidence could be considered that was consistent with the aforementioned ruling (see People v Collazo, 45 AD3d at 901; People v Faccio, 33 AD3d at 1042; People v Williams, 28 AD3d 1005, 1008 [2006], lv denied 7 NY3d 819 [2006]).  Defendant's related contention that the People thereafter violated the court's Molineux ruling is unpreserved for our review, as defendant did not specifically object on Molineux grounds to any of the instances that he now claims were improper (see People v Echavarria, 53 AD3d 859, 862-863 [2008], lv denied 11 NY3d 832 [2008]; compare People v Buchanan, 95 AD3d 1433, 1436 n 3 [2012], lvs denied 22 NY3d 1039, 1043 [2013]).

Defendant's remaining contention, that County Court erred when it granted a protective order in relation to discovery, is also unpreserved.  County Court granted the People's oral motion for a protective order, for the purpose of witness safety, that prohibited defense counsel from turning over possession of discovery materials to defendant without court approval. Accordingly, defendant was only permitted supervised access to discovery materials absent court approval.  Defendant neither opposed the People's motion nor objected to the court's order at any point thereafter, and therefore defendant's challenge to that protective order is unpreserved for our review (see People v Johnson, 91 AD3d 1194, 1197 [2012], lv denied 18 NY3d 995 [2012]).  Finally, as to each of defendant's unpreserved contentions, we find corrective action in the interest of justice to be unwarranted.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court