■ The People of the State of New York, Respondent, v Rashad Byrd, Appellant. [59 NYS3d 539]—

Clark, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 15, 2014, convicting defendant following a nonjury trial of the crime of criminal possession of a controlled substance in the third degree.

In March 2014, defendant was charged by indictment with, as relevant here, criminal possession of a controlled substance in the third degree based upon his possession of eight baggies of crack cocaine weighing a combined total of roughly two grams.[1]

---

**1.** By the same indictment, defendant was also charged with two counts of criminal sale of a controlled substance in the third degree. However, those charges were dismissed by the People prior to trial.

Following a nonjury trial,[2] defendant was convicted of criminal possession of a controlled substance in the third degree and sentenced, as a second felony offender, to a prison term of eight years, followed by three years of postrelease supervision. Defendant now appeals, and we affirm.

Initially, we find no merit to defendant's assertion that he did not voluntarily waive his right to remain silent and that County Court therefore should have suppressed statements he made to law enforcement officers prior to his invocation of his right to counsel. "The People bore the burden of proving the voluntariness of defendant's statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his *Miranda* rights" (*People v Culver*, 69 AD3d 976, 976 [2010] [citation omitted]; *see People v Rizvi*, 126 AD3d 1172, 1173 [2015], *lv denied* 25 NY3d 1076 [2015]). To that end, the People relied on the uncontroverted testimony of the arresting officer, who stated that, once defendant exited his vehicle, defendant was patted down, handcuffed and placed in the front seat of his police vehicle. The arresting officer testified that he then—at 7:20 p.m.—read defendant his *Miranda* rights from a preprinted card and that defendant expressly stated that he understood each individual right. The arresting officer also testified that defendant orally waived his *Miranda* rights and responded in the affirmative when asked if he was willing to answer questions. According to the arresting officer, defendant invoked his right to counsel six minutes later, at 7:26 p.m., after making various incriminating statements.

While defendant contends that his waiver was involuntary because the police officers involved in his apprehension had ordered him out of his vehicle with their firearms drawn, the arresting officer testified that, at the time that defendant was placed in the police vehicle, read *Miranda* rights and questioned, his weapon was reholstered beneath his coat and that the officers who remained on the scene had also reholstered their respective weapons. Considering the totality of the circumstances and according appropriate deference to County Court's factual and credibility determinations (*see People v Rankin*, 127 AD3d 1335, 1339 [2015], *lv denied* 26 NY3d 1149 [2016]; *People v Nadal*, 131 AD3d 729, 730 [2015], *lv denied* 26 NY3d 1041 [2015]), we find no basis to disturb County Court's determination that, from 7:20 p.m. to 7:26 p.m., defendant voluntarily waived his *Miranda* rights (*see People v Rizvi*, 126 AD3d at 1173; *People v Baker*, 27 AD3d 1006, 1008 [2006], *lv*

---

**2.** While defendant's brief included a challenge to his waiver of his right to a jury trial, he has since withdrawn that claim.

*denied* 7 NY3d 785 [2006]).[3] Accordingly, County Court properly denied defendant's motion to suppress the statements he made to law enforcement prior to invoking his right to counsel.

Defendant also contends that his conviction for criminal possession of a controlled substance in the third degree was not supported by legally sufficient evidence of his intent to sell and is also against the weight of the evidence. "A verdict is legally insufficient [when], viewing the record in the light most favorable to the prosecution, there is no 'valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Nicholas*, 130 AD3d 1314, 1315 [2015], quoting *People v Danielson*, 9 NY3d 342, 349 [2007]). In determining whether a conviction is against the weight of the evidence, we first assess whether, based on all of the credible evidence, a different result would have been unreasonable; where a different outcome would not have been unreasonable, we then " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' " while viewing the evidence in a neutral light and according deference to the factfinder's credibility assessments (*People v Romero*, 7 NY3d 633, 643 [2006], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Gibson*, 121 AD3d 1416, 1418 [2014], *lv denied* 24 NY3d 1119 [2015]).

"A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Because direct evidence of a defendant's mental state is often unavailable (*see People v Rodriguez*, 17 NY3d 486, 489 [2011]; *People v Smith*, 79 NY2d 309, 315 [1992]), intent to sell a controlled substance may be properly inferred from the underlying facts and circumstances, including the amount of controlled substances recovered and the manner in which it was packaged (*see People v Sanchez*, 86 NY2d 27, 35 [1995]; *People v Montford*, 145 AD3d 1344, 1346 [2016], *lv denied* 29 NY3d 999 [2017]; *People v Harvey*, 96 AD3d 1098, 1100 [2012], *lv denied* 20 NY3d 933 [2012]; *People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]).

---

**3.** To the extent that defendant challenges statements he made prior to being read his *Miranda* rights, County Court properly determined that such statements were admissible, as the record establishes that they were "spontaneous statements made while in custody which [were] not the product of questioning or its functional equivalent" (*People v Smith*, 21 AD3d 587, 588 [2005], *lv denied* 5 NY3d 833 [2005]; *see People v Haskins*, 121 AD3d 1181, 1183 [2014], *lv denied* 24 NY3d 1120 [2015]).

Further, in this context, the word sell is broadly defined, and "means to sell, exchange, give or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1]; *see People v Starling*, 85 NY2d 509, 514 [1995]; *People v Kindred*, 100 AD3d 1038, 1040 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Patchen*, 46 AD3d 1112, 1113 [2007], *lv denied* 10 NY3d 814 [2008]).

Here, although unartfully presented, the trial evidence established that roughly two grams of crack cocaine were found in the rental vehicle that defendant was operating at the time that he was stopped by law enforcement officers and arrested for earlier alleged criminal activity. The arresting officer testified that the crack cocaine was found in two separate bags, with one of the bags containing "seven individually-wrapped corner baggies tied off," and that, in his experience, the individual baggies were "packaged for resale." The arresting officer also testified that rental vehicles are commonly used for narcotics transportation because such vehicles cannot be seized by police. Further, the trial evidence demonstrated that a 9 millimeter magazine—unaccompanied by a pistol—was found in the rental vehicle and that a digital scale was discovered in a hotel room to which defendant admitted he had access. Most significant, however, were defendant's statements to the arresting officer prior to his invocation of his right to counsel. In particular, defendant admitted that, earlier in the day, he had provided a certain friend with cash to purchase marihuana for him and that, when the friend delivered the marihuana, he gave the friend crack cocaine for his efforts. The arresting officer testified that defendant had been surveilled by police for several hours prior to his arrest and that he had been observed with the particular friend in the rental vehicle. As the foregoing evidence provided a valid line of reasoning and permissible inferences from which County Court could have rationally concluded that defendant knowingly and unlawfully possessed the crack cocaine with an intent to sell, defendant's conviction for criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence (*see People v Kindred*, 100 AD3d at 1040; *People v Patchen*, 46 AD3d at 1113-1114; *People v Belo*, 240 AD2d 964, 966 [1997], *lv denied* 91 NY2d 869 [1997]).

As to our weight of the evidence review, it would not have been unreasonable for County Court to have reached a different conclusion on the question of intent, given that defendant possessed rolling papers and marihuana and stated that he liked to smoke marihuana with crack cocaine, and that the

quantity of crack cocaine found in the vehicle could have been for personal use. However, having independently weighed the evidence, including the conflicting inferences that may be drawn from the testimony, we are satisfied that the conviction is not against the weight of the evidence (*see People v Blalark*, 126 AD3d 1124, 1125-1126 [2015], *lv denied* 27 NY3d 992 [2016]; *People v Kindred*, 100 AD3d at 1040; *People v Patchen*, 46 AD3d at 1113-1114; *People v Mitchell*, 208 AD2d 992, 993-994 [1994], *lv denied* 84 NY2d 1035 [1995]).

Next, defendant argues that County Court exceeded the bounds of its authority by assuming the role of an advocate, rather than an impartial factfinder. "[A] [t]rial [j]udge in criminal matters may take an active part in the examination of witnesses where questioning is necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial" (*People v Mendes*, 3 NY2d 120, 121 [1957]; *see People v Yut Wai Tom*, 53 NY2d 44, 57 [1981]; *People v Storfs*, 47 NY2d 882, 883 [1979]). However, because the court's principle "function is to protect the record, not to make it" (*People v Yut Wai Tom*, 53 NY2d at 58), such power must "be exercised sparingly, without partiality, bias or hostility, as excessive interference or the suggestion of an opinion on the part of the [t]rial [j]udge might well prove decisive in the minds of the jury" (*People v Storfs*, 47 NY2d at 883-884 [citations omitted]; *see People v Arnold*, 98 NY2d 63, 67-68 [2002]; *People v De Jesus*, 42 NY2d 519, 522-524 [1977]).

Here, the trial record is sprinkled with instances in which County Court asked questions during the People's case and instructed the prosecutor as to the types of questions and evidence that could be used to prove the element of intent to sell. Although the court's unnecessary lectures on the prosecutor's performance are cause for concern, there was no risk that the court's interference would unduly influence the jury, as this was a nonjury trial. In addition, most of the court's interjections served to expedite the trial and clarify the record. While County Court "would have been well advised to have played a less active role in the conduct of the trial," our review of the record, as a whole, does not evince that County Court was biased against defendant or that the court's interference deprived him of a fair trial (*People v Tucker*, 140 AD2d 887, 891 [1988], *lv denied* 72 NY2d 913 [1988]; *see People v Lupo*, 92 AD3d 1136, 1138 [2012]).

Defendant failed to preserve his further argument that, in the absence of a *Molineux* proffer, County Court should have precluded evidence that he gave his friend crack cocaine earlier

in the day for purchasing marihuana on his behalf (*see People v Davis*, 144 AD3d 1188, 1190 [2016], *lv denied* 28 NY3d 1150 [2017]; *People v Cox*, 129 AD3d 1210, 1214 [2015], *lv denied* 26 NY3d 966 [2015]). In any event, even if this argument were properly preserved, we would find it to be without merit. "[A] defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer [*Molineux*] evidence . . . or to a pretrial hearing on the admissibility of such evidence" (*People v Small*, 12 NY3d 732, 733 [2009] [citation omitted]; *accord People v Lawrence*, 141 AD3d 1079, 1080 [2016], *lv denied* 28 NY3d 1029 [2016]). While "a prosecutor seeking to introduce *Molineux* evidence 'should ask for a ruling out of the presence of the jury' " (*People v Small*, 12 NY3d at 733, quoting *People v Ventimiglia*, 52 NY2d 350, 362 [1981]), this was a bench trial. Moreover, evidence of the prior drug transaction, particularly since it occurred on the same day and which took place in the vehicle in which police subsequently discovered the drugs at issue, is probative of defendant's intent to sell, and such probative value outweighed the risk of prejudice (*see People v Kims*, 24 NY3d 422, 439 [2014]; *People v Buchanan*, 95 AD3d 1433, 1436 [2012], *lv denied* 22 NY3d 1039 [2013]).

We need only briefly discuss defendant's remaining arguments. Having reviewed the record and defense counsel's performance in totality, we find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]; *People v Wilbur*, 108 AD3d 878, 880 [2013]).[4] Finally, considering defendant's criminal history, which includes several prior drug-related offenses, we are unpersuaded that the sentence imposed was harsh or excessive (*see People v Brock*, 107 AD3d 1025, 1029 [2013], *lv denied* 21 NY3d 1072 [2013]; *People v Pearson*, 69 AD3d 1226, 1228 [2010], *lv denied* 15 NY3d 755 [2010]; *People v Patchen*, 46 AD3d at 1114-1115). Defendant's remaining contentions, to the extent they have not been addressed, have been examined and found to be lacking in merit.

Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

4. To the extent that defendant argues that defense counsel was ineffective for failing to challenge the search warrant or its application, such claim involves matters outside of the record and is more properly the subject of a CPL article 440 motion (*see People v Brown*, 45 NY2d 852, 853-854 [1978]; *People v Perry*, 148 AD3d 1224, 1225 n [2017]).